**Lois MOLE, et al., Relators,**

v.

**The Honorable Richard W. MILLARD, Respondent.**

**No. 01-88-00895-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 23, 1988.

Rehearing Denied Dec. 9, 1988.

Richard Warren Mithoff, Kathleen D. Oliver, Scott Rothenberg, Houston, for relators.

William A. Sherwood, Cook, Davis & McFall, Houston, for respondent.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

LEVY, Justice

The relators, Lois Mole, individually, and Donald W. Mole, individually and as temporary guardian of the person and the estate of Emilie K. Snyder and Andrea L. Snyder, his grandchildren, and as representative of the estate of Pamela Mole, deceased, seek relief from the respondent's order that allows the real parties in interest, Sharpstown General Hospital and Humana, Inc. ("hospital"), to withhold certain documents from discovery.

Relators filed suit on September 12, 1986, against the real parties in interest and five other defendants, alleging that they had committed medical malpractice and negligently caused the death of Pamela Mole. On June 25, 1987, relators filed their first request for production. On August 25, 1987, the hospital filed its response objecting to requests one and two on various grounds. On December 18, 1987, relators filed a motion to compel production of the requested documents. On February 15, 1988, the respondent ordered the hospital to tender for *in camera* inspection all documents responsive to the two requests, except those generated by hospital committees and those between the hospital and its attorney. The hospital complied with the order and, to present evidence of the claimed privilege, also filed two affidavits that were not served upon relators prior to the initial inspection. The documents responsive to the requests are reports and

correspondence between the hospital's insurance carrier and the carrier's investigator. On May 5, 1988, relators filed a motion to strike the affidavits. On May 11, 1988, relators filed their third request for production. A June 3, 1988 entry on the respondent's docket sheet states the following:

> Both Pltf & Def Mtn for protection as to discovery of in camera documents granted at this time subject to further request if depos do not furnish certain information. In camera documents not to be available for discovery. RM

On June 15, 1988, the hospital responded to relators' third request for production and objected to requests 12 and 18, asserting only the "party communications" privilege under Tex.R.Civ.P. 166b(3)(d). On June 23, 1988, relators filed a motion to compel production of the documents sought in requests 12 and 18 and their first motion to reconsider the docket entry. On June 27, 1988, the respondent took both of these motions under advisement and overruled relators' motion to strike the affidavits. The affidavits were also served upon relators on June 27, 1988. On August 1, 1988, respondent conducted a hearing on relators' motion to compel and announced the denial of relators' first motion to reconsider the docket entry. On August 10, 1988, relators filed a second motion for reconsideration seeking the production of all documents responsive to requests one, two, 12, and 18. In his written order of August 15, 1988, respondent denied the second motion for reconsideration, the second motion to compel, and again denied the motion to strike the affidavits. The order also stated that the documents tendered for *in camera* inspection (that were responsive to requests one and two) were not discoverable.

Relators complain of respondent's refusal to order the production of all documents sought by requests one, two, 12, and 18. In order to prevail, relators must show that respondent clearly abused his discretion. *Jampole v. Touchy,* 673 S.W.2d 569, 572 (Tex.1984). But in reviewing the record, we are cognizant of the rule that the party resisting discovery has the burden of pleading and producing evidence to support the discovery exemptions relied upon. Tex.R. Civ.P. 166b(4); *Barnes v. Whittington,* 751 S.W.2d 493, 494 (Tex.1988).

Relators contend that the respondent abused his discretion by granting a protective order in favor of the hospital regarding requests one and two of their first request for production, because the hospital failed to produce any evidence supporting the grounds of exemption pled. The requests sought:

1. Any and all documents relating directly or indirectly to the incident, occurrence or accident which occurred on the 27th day of November, 1984, including but not limited to reports, writings or investigations made after the incident on November 27, 1984, but prior to the filing of the lawsuit on September 12, 1986.

2. Every document in the claim file of Humana, Inc. and/or Humana Hospital Sharpstown and/or Health Care Indemnity, Inc., their agents, servants, or employees pertaining to any investigation of the incident made the basis of Plaintiffs' claim from November 27, 1984 through June 17, 1986.

▆▆▆ The objections asserted in the August 25, 1987 response to requests one and two are that the request is "overbroad," constitutes harassment, seeks "work product," Tex.R.Civ.P. 166b(3)(a), and "privileged communications" between the defendants and their attorney, and sought "records and proceedings of hospital committees ... which are privileged...." The respondent did not specify which privilege he relied on in concluding that the documents submitted for *in camera* inspection were not discoverable.

Request one is limited to documents relating to Pamela Mole's death that were generated between November 27, 1984, the date of her death, and September 12, 1986, when suit was filed. Request two is limited to documents in the claim files of the hospital or its insurance carrier relating to the investigation of Mole's death during the period running from the date of her death until June 17, 1986. Accordingly, we

conclude that the requests are not overbroad.

The hospital produced no evidence supporting the asserted exemptions relating to the documents tendered, nor did it introduce evidence concerning the cost and work necessary to produce the documents. It thereby failed to establish that asking for production of the documents constituted harassment. *Independent Insulating Glass/Southwest, Inc. v. Street,* 722 S.W. 2d 798, 802 (Tex.App.—Fort Worth 1987, orig. proceeding). Moreover, there was no evidence showing any involvement of an attorney in the case prior to or during the generation of the documents submitted to the trial court; therefore, the hospital failed to show that the documents constituted attorney "work product," or attorney-client communications. Finally, although the hospital filed an affidavit by its executive director that discusses hospital committees, the affidavit does not show that the documents requested were generated by a hospital committee for an investigation or review, or constitute the result of a committee's deliberation process; therefore, they have not been shown to be within the privilege established by Tex.Rev.Civ. Stat.Ann. art. 4447d, sec. 3 (Vernon Supp. 1988).[1] *Barnes v. Whittington,* 751 S.W. 2d at 496; *Jordan v. Fourth Supreme Judicial Dist.,* 701 S.W.2d 644, 647–48 (Tex.1985).

Likewise, there is no evidence that the documents sought were exempted. Essentially, the respondent allowed the hospital to determine privately which documents constituted privileged committee records and then to exclude them from those that were tendered for *in camera* inspection. The respondent did not have the documents before him, and the hospital's affidavits do not establish or identify as privileged any particular documents. Thus, there was no evidence of the claimed committee privilege necessary to justify the hospital's retention of the documents not tendered.

■ The hospital contends that the *in camera* documents are "party communications" and are privileged under Tex.R.Civ. P. 166b(3)(d).[2] We note that the hospital never pled this privilege as a basis for objecting to requests one and two. Tex.R. Civ.P. 167(1)(d) requires that "objections [be] in writing to ... categories of items, stating specific reasons why such discovery should not be allowed." The hospital did not assert the "party communications" privilege as a specific reason why the category of documents sought by requests one and two are not discoverable.

■ Even if the hospital properly had pled the "party communications" privilege, it failed to produce evidence establishing that any specifically identified document or

1. Tex.Rev.Civ.Stat.Ann. art. 4447d, sec. 3 provides that party communications are privileged and not discoverable:

   The records and proceedings of any committee or joint committee of a hospital, medical organization, university medical school, university health science center, health maintenance organization licensed under the Texas Health Maintenance Organization Act (Article 20A.01 et seq., Vernon's Texas Insurance Code), including without limitation an independent practice association or other physician association whose committee or joint committee is a condition of contract with such health maintenance organization, or extended care facility, whether appointed on an ad hoc basis to conduct a specific investigation or established under state or federal law or regulations or under the by-laws, rules or regulations of such organization or institution, shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena; provided, however, that nothing herein shall apply to records made or maintained in the regular course of business by a hospital, health maintenance organization, or extended care facility.

2. Tex.R.Civ.P. 166b(3)(d) provides that "party communications" are protected from disclosure by privilege

   [w]ith the exception of discoverable communications prepared by or for experts, and other discoverable communications, between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based, and in anticipation of the prosecution or defense of the claims made a part of the pending litigation. For the purpose of this paragraph, a photograph is not a communication.

group of documents was privileged. As this Court stated in *Foster v. Heard*, 757 S.W.2d 464, 465–66 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding), the party seeking to avoid discovery has the burden

to prove that the statement was obtained in anticipation of litigation by showing that there was good cause to believe that suit would be filed. *Turbodyne Corp. v. Heard*, 720 S.W.2d 802 (Tex.1986); *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985). The mere fact that an accident occurred does not shield [a] report from discovery. *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986). The bare assertion of "generic anticipation" of litigation based upon patterns of prior injuries and litigation is insufficient absent some outward manifestation of future litigation by the party having a cause of action. *Phelps Dodge Refining Corp. v. Marsh*, 733 S.W.2d 359, 360–61 (Tex.App. —El Paso 1987, orig. proceeding). Outward manifestation may consist of the party making a demand for damages, hiring an attorney or private investigator, or commencing an investigation of the accident. *Phelps*, 733 S.W.2d at 361. Post-accident investigative reports cannot be shielded from discovery solely upon the privilege-invoking party's subjective determination that he was anticipating litigation. *Id.* at 360.

■ The hospital contends that the affidavit testimony concerning 1) the unusual circumstances of Mole's death, and 2) the "startled reaction" of Mole's family constitute "outward manifestations" of litigation. We disagree. This evidence merely shows that Mole's death was sudden and unexpected and does not reflect that the relators had taken any steps in consideration of, or planning for, litigation. Accordingly, the hospital failed to establish the "party communications" privilege.[3]

The writ of mandamus is conditionally granted. We are confident that the respondent will vacate his orders excluding from discovery the documents inspected *in camera* and allowing the hospital to refuse production of all documents responsive to requests one and two of relators' first request for production, and requests 12 and 18 of relators' third request for production. The writ will issue only if the respondent fails to vacate the orders.

---

**3.** An affidavit executed by Samuel J. Skinner sworn to on August 25, 1988, after respondent had entered the orders in question, is included with the affidavit supporting the response filed by the real party in interest in this proceeding. On oral submission, the counsel for the real party in interest could not explain the inclusion of this affidavit but acknowledged that it was improperly presented to this Court. The real party in interest has filed a written request seeking to withdraw this affidavit and such request is granted. Skinner's affidavit will not be considered.