**Fred MASINGA, et al., Relators,**

v.

**The Honorable Mark WHITTINGTON, Judge, et al., Respondent.**

No. C–9579.

Supreme Court of Texas.

June 20, 1990.

Les Weisbrod, Virginia W. Patrizi, and Michael S. Box, Dallas, for relators.

Thomas L. Cox, Dallas, Dorothy Prengler, and Richard Bernays, Dallas, for respondent.

OPINION

SPEARS, Justice.

■ This mandamus proceeding involves a pretrial discovery order permitting a deposition to be taken only by stenographic recording and not by videotape recording. We conclude that the trial judge abused his discretion in so ordering and conditionally grant the writ of mandamus.

In an attempt to prevent the videotaping of his deposition, Nadim Nasir, Jr., M.D., a defendant in the underlying suit, sought a protective order based solely on the following unverified objection:

> Dr. Nasir objects strenuously to the videotaping of his oral deposition for the reason that the presence of the video camera and technician and the bright lights and atmosphere associated with it will be unnecessarily distracting and stressful to him, and will detract from his ability to give clear and precise answers to the Plaintiffs' attorneys' questions.

A visiting judge, Hon. Thomas H. Crofts, granted the protective order after hearing only the arguments of counsel and without Nasir presenting any evidence that the videotaping would cause him unnecessary distraction or stress. Plaintiffs in the underlying suit, the Masingas, filed a motion for reconsideration which was denied by the presiding judge of the 160th District Court, Hon. Mark Whittington.

■ Under Texas Rule of Civil Procedure 166b(5), a trial judge may exercise some discretion in the granting of protective orders. However, this discretion is not without bounds. A party seeking to avoid the videotaping of a deposition must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. *See Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987) (requiring "a particular, articulated and demonstrable injury, as opposed to conclusory allegations"); *see also Independent Insulating Glass/Southwest, Inc. v. Street,* 722 S.W.2d 798, 802 (Tex. App.—Fort Worth 1987, orig. proceeding); *Mole v. Millard,* 762 S.W.2d 251, 254 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). So long as the discovery sought

is within the scope of Rule 166b, a trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden. Conclusory statements within a motion do not suffice. We therefore hold that the trial judge abused his discretion in refusing to allow the Masingas to videotape Nadir's deposition.

We conditionally grant the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.

DOGGETT, J., concurs with an opinion.

DOGGETT, Justice, concurring.

In modern litigation the videotaping of depositions is becoming the norm rather than the exception. This practice was recognized with the adoption of a specific rule authorizing "videotape recordings" of oral depositions upon five days notice to all parties. Tex.R.Civ.P. 202(1). As with other types of discovery, there may be unusual circumstances that justify judicial intervention through the issuance of a protective order to limit or control the videotaping of an oral deposition. Here, Dr.

Nasir resisted the proposed videotaping by a motion for protective order under Texas Rule of Civil Procedure 166b(5),[1] but presented no evidence of any justification for avoiding or limiting discovery under this rule.[2] Indeed, the conclusory allegations of the movant amounted to little more than a general objection to any form of discovery authorized by Tex.R.Civ.P. 202(1). As such, in the future this type of motion could support the entry of sanctions rather than the granting of relief.[3]

The Masingas contend that granting a motion for protective order without any supporting evidence constitutes an abuse of discretion. They argue that the videotaping of depositions should be controlled by Rule 166b(4) as well as this court's holding in *Peeples v. Hon. Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985), outlining the procedure to be followed by parties seeking exclusion of documents from discovery. In 1988, we promulgated Rule 166b(4) which "codifie[d] *Peeples* in part, but also modifie[d] it by allowing either party to request a hearing on objections to discovery." *McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d at 75. Rule 166b(4), in part, provides:

---

1. Rule 166b(5) provides in part:
   On motion specifying the grounds and made by any person against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights. Motions or responses made under this rule may have exhibits attached including affidavits, discovery pleadings, or any other documents.
   This rule further provides that a trial court may order that discovery "be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court." Tex.R.Civ.P. 166b(5)(b).

2. Tex.R.Civ.P. 166b(5) establishes that the movant may satisfy his or her burden under *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987) to plead and produce evidence of "a particular, articulated and demonstrable injury, as opposed to conclusory allegations" by providing an affidavit containing facts demonstrating as much. The movant must include in the affidavit specific facts that allowing the videotaping of a deposition will cause such an injury; mere global or conclusory allegations will not suffice. *Id.; see*

*Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988).

When a party relies on an affidavit, it must be served upon all other parties sufficiently in advance so as to not constitute a surprise. Trial courts should discourage the use of "ambush affidavits" by freely granting continuances in order to permit an opposing party to do any necessary discovery as well as to subpoena witnesses who can be cross examined. Otherwise, the right to any hearing conducted on such a motion would be illusory rather than real.

Dr. Nasir's motion for protective order contained only the self-serving conclusory statements of his counsel, with no sworn affidavit attached.

3. Tex.R.Civ.P. 215(3) allows the trial court to impose discovery sanctions "[i]f the court finds a party is abusing the discovery process in seeking, making or resisting discovery...." A trial court can encourage parties filing such a motion not to impose on its limited resources "by making judicious use of sanctions against those who would [so] abuse the discovery process." *McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72, 75 (Tex.1989).

In responding to an appropriate discovery request ... a party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing requested by either the requesting or objecting party.

Tex.R.Civ.P. 166b(4). Although this portion of Rule 166b(4) requires a party to produce evidence only when seeking to avoid discovery on the basis of an exemption or immunity from discovery, the Masingas argue that a party seeking protection from discovery for other reasons, such as undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional or property rights, should also be required to produce evidence in support of the objection. I agree.

Although the claims in *Peeples v. Hon. Fourth Supreme Judicial District* concerned relevancy and a party's privacy rights, we have held that the same procedure applies to claims of privilege. In *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (1986), we stated that "[u]nder certain circumstances, such as when relevancy or harassment is the basis for protection, affidavits or live testimony may be sufficient proof." The court of appeals in *Independent Insulating Glass v. Street*, 722 S.W.2d 798, 802 (Tex.App.— Fort Worth 1987, orig. proc.), held that because the relators had presented no evidence to the trial court about the work necessary to comply with discovery requests, they had not carried the burden of proving that the discovery was unduly burdensome and harassing. *Accord Mole v. Millard*, 762 S.W.2d 251, 254 (Tex.App.— Houston [1st Dist.] 1988, orig. proc.). In *Street*, the court analyzed the appropriate burden to be placed upon a party seeking protection during discovery, stating:

Any party who seeks to exclude matters from discovery on grounds that the requested information is unduly burdensome, costly or harassing to produce, has the affirmative duty to plead and prove the work necessary to comply with discovery. Otherwise, the trial court cannot make an informed judgment on whether to limit discovery on this basis or place the cost for complying with the discovery. Failure to follow this procedure constitutes a waiver of any complaint of the trial court's action. In reaching this holding, we are extending the ruling made by the Supreme Court in the *Peeples* case. *Peeples* did not deal with the allegations of unduly burdensome, costly or harassing discovery. However, the rationale of the *Peeples* opinion applies to the instant case. Any party seeking to limit discovery has the burden of pleading and proving that contention.

722 S.W.2d at 802. I agree that the moving party must plead the basis for seeking protective relief under Rule 166b(4) and produce evidence for the underlying contentions.

A similar burden for parties seeking protective orders under Rule 166b(5) was mandated by this court in *Garcia v. Peeples:*

While Texas courts have not written on the proof necessary to obtain a Rule 166b-4 [now Rule 166b(5)] protective order, federal courts have dealt with the issue pursuant to Fed.R.Civ.P. 26(c). In *United States v. Garrett*, 571 F.2d 1323 (5th Cir.1978), the court noted that a movant must show "a particular and specific demonstration of fact as distinguished from stereotyped conclusory statements." 571 F.2d 1323, 1326 n. 3 (citations omitted). Sweeping predictions of injury and "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not justify a protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986). Though the Texas and federal rules are not identical, *these requirements of a particular, articulated and demonstrable injury, as opposed to conclusory allegations, apply to motions for protective orders under Rule 166b-4.*

734 S.W.2d at 345 (emphasis added; footnote omitted).[4] Thus, a trial court may not enter a protective order limiting discovery sought within the scope of Rule 166b unless the party seeking such protection has both pleaded and proved the supporting contentions. Such a rule helps to achieve the "ultimate purpose of discovery"—"to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984).

In evaluating the evidence, the trial court must be particularly demanding of a movant who seeks to block the videotaping of a deposition of a witness, such as Dr. Nasir, who resides outside the one hundred mile range of its subpoena power. *See* Tex.R. Civ.P. 176. In this circumstance a party has no assurance that the deponent will appear live at trial. Thus, the only way to ensure that the jury will actually be able to observe Dr. Nasir testifying is to allow a videotaped deposition. *See Lamb v. Globe Seaways, Inc.,* 516 F.2d 1352, 1357 n. 3 (2d Cir.1975) (cases where the personal appearance of a witness is in doubt provide "a perfect opportunity and situation for the use of a videotape deposition"); *Continental Fed. Sav. & Loan Ass'n v. Delta Corp. of America,* 71 F.R.D. 697, 701–02 (W.D. Okla.1976) (videotaped depositions are useful especially when the witness resides outside the subpoena limits of the court). The ability to prevent the taking of videotaped depositions of witnesses residing outside the subpoena range grants to one party the power to prevent the jury from seeing and hearing the always revealing and sometimes harmful live testimony of witnesses aligned with his or her side of the litigation by merely choosing to have such witnesses not appear at trial. This is not an acceptable situation. Except under the most extraordinary circumstances, a trial court will commit an abuse of discretion if it denies the right to videotape the deposition of a witness who cannot be subpoenaed at trial.

As declared long ago in *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682,

78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958), the modern discovery rules were promulgated to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." The objective of Rule 202(1) allowing videotaped depositions is no different. Reading written depositions to the jury fails to convey the demeanor or appearance of the witness to the jury. By contrast, videotaped testimony conveys to the jury non-verbal messages important to its evaluation of a witness' credibility. Boudreaux, *Is It Time For Texas To Amend Rule 215c To Adopt Guidelines For Taking Videotape Depositions?,* 24 So.Tex.L.Rev. 225, 226–27 (1983). The combined audio and visual impact of a videotaped deposition easily "surpass the written transcript when it comes to [a jury's] analysis of a witness." *United States v. LaFatch,* 382 F.Supp. 630, 632 (D.C. Ohio 1974). As noted in C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2115 (1988 Supp.), videotaped depositions

> have a further advantage in that the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audio-visual devices. Moreover, a recording, a video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at the trial.

*See also* Note, Videotape Depositions: An Analysis of Use in Civil Cases, 9 Cumb.L. Rev. 195 (1978).

Rule 202(1) allows litigants in this state to take full advantage of the benefits recent advances in technology have bestowed upon us. No trial court should limit a litigant's right to take videotaped depositions under this rule unless the opposing party has pleaded and produced evidence that a "particular, articulated and demonstrable injury" will result from the use of this new and valuable tool. Because Dr. Nasir failed to offer any evidence in sup-

---

**4.** Although *Garcia* was decided prior to the effective date of amended Rule 166b(5), this court referenced the revised rule and described it as "more closely follow[ing] the federal rule," as analyzed in *Garrett* and *Cipollone.* 734 S.W.2d at 345 n. 1.

port of his claim that videotaping his deposition will cause him unnecessary distraction and stress, the Masingas are entitled to proceed under Tex.R.Civ.P. 202. To hold otherwise could eliminate for many in Texas the right to use the videotaped testimony of opposing parties and witnesses.