**Jackie CONRAD and Charlotte Aegerter, et al., Relators,**

v.

**Honorable David V. WILSON, Respondent.**

**No. 09–93–333 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 22, 1993.

Decided March 24, 1994.

Rehearing Overruled April 14, 1994.

Charles R. Houssiere, III, Houssiere & Durant, Houston, for appellant.

Linda Poland, Zeleskey, Cornelius, Hallmark, Borgfeld & Roper, Lufkin, Forrest G. Braselton, Nacogdoches, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a mandamus proceeding involving discovery and the procedures required to successfully resist that discovery. The underlying suit is a medical malpractice action. In the afternoon of July 15, 1992, Kenneth

W. Casey was taken to the emergency room of Memorial Medical Center of East Texas [Medical Center] and evaluated by Dr. Kyle T. Demler. Kenneth Casey was admitted to the Medical Center that evening. He died in the early morning of July 17, 1992. Between the time of his admission and his death, Casey was attended by, among others, Dr. Royce E. Read and Dr. William Pickvance. Jackie Conrad and Charlotte Aegerter, Casey's daughters and relators herein, brought suit, individually and on behalf of Casey, against the Medical Center and the three doctors.

In the course of the litigation, the plaintiffs noticed the depositions of Jack C. Bailey, president of Medical Center; Gary Whatley, vice-president of Medical Center; and Dr. Demler. Because of scheduling problems, these depositions were not taken and were renoticed. Accompanying this notice was a subpoena duces tecum for documents and things to be produced in connection with the deposition. Medical Center and Demler filed a motion for a protective order and a motion to quash the deposition of Bailey. The trial judge, respondent herein, held a hearing and denied the motion to quash, but entered a protective order. Relators complain of this order.

The order is somewhat vague in that first it states: "[T]he Court ... is of the opinion the motion is, in *its entirety,* well-taken, and it should be granted" and later it states: "defendants' motion to quash *certain* items of the subpoena duces tecum issued with notices of depositions in this cause is granted *with regard to each item submitted to the Court as the object of the motion.*" In any event, we will view the issue from the standpoint of all the items requested and the subsequent motion for protection. (Emphasis ours).

The motion for protection can be summarized as follows:

Request Reasons for quashing [1]

A peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; physician-patient privilege; privacy interests of other parties.

C peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence.

D global request; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege.

E global request; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; seeks preparation of an interrogatory answer; subject to discovery not subpoena

F seeks preparation of an interrogatory answer; subject to discovery not subpoena

H peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; physician-patient privilege; privacy interests of other parties.

I peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; physician-patient privilege; privacy interests of other parties.

K overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence.

L overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence.

M peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible

---

**1.** This summary attempts to list the reasons in some consistent order; the motion did not.

evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; physician-patient privilege; privacy interests of other parties; burdensome, harassing, annoying, and expensive.

N peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; seeks preparation of an interrogatory answer; subject to discovery not subpoena; burdensome, harassing, annoying, and expensive; not limited in time.

O peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; not limited in time.

P peer review privilege; medical committee privilege; vague; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence;

Q peer review privilege; medical committee privilege; vague; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence;

R peer review privilege; medical committee privilege; vague; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; attorney work product; witness statement exemption; party communication exemption; attorney-client privilege; physician-patient privilege; privacy interests of other parties; not limited in time.

S peer review privilege; medical committee privilege; vague; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence;

T peer review privilege; medical committee privilege; overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence; not limited in time.

V overly broad; irrelevant; immaterial; not reasonably calculated to lead to discovery of admissible evidence;

TEX.R.CIV.P. 166b(4), states, in pertinent part:

In objecting to an appropriate discovery request within the scope of paragraph 2, a party seeking to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and at or prior to any hearing shall produce any evidence necessary to support such claim either in the form of affidavits served at least seven days before the hearing or by testimony. If the trial court determines that an in camera inspection and review by the court of some or all of the requested discovery is necessary, the objecting party must segregate and produce the discovery to the court in a sealed wrapper. . . .

Several cases have discussed the rule. *Loftin v. Martin,* 776 S.W.2d 145, 147 (Tex. 1989), held than an objector to the discovery of documents waives the privilege unless the objector assumes the burden to present evidence of the privilege, immunity or other objection either by affidavit or testimony. *Masinga v. Whittington,* 792 S.W.2d 940, 942 (Tex.1990) (concurring opinion), reaffirmed the rule that an objector waives any privilege or objection if the objector fails to properly assert the privilege or objection and also supports it by evidence.

Medical Center and Demler were represented by the same attorney at the hearing. The first motion heard was the motion to quash the deposition of Bailey. The only witness was the general counsel of Medical Center. The witness testified she was familiar, in general terms, with the documents requested by the plaintiffs and expressed the opinion that Whatley would have the greater knowledge and ability to testify concerning the documents, policies and procedures. As previously noted, the trial judge denied this motion. The motion for protection from the subpoena *duces tecum* was then heard. Again the only witness was the general counsel. The witness began by testifying she was familiar with the subpoena and would be "the

person who would gather all these items they're asking for." The following is the remaining, *entire* testimony of the witness:

Q. ... Included in these documents that have been requested, are there items that are protected or that are—let me put it this way—items that have been generated by or at the request of standing committees of Memorial Medical Center of East Texas?

. . . .

A. Okay. It was by committee, yes, some of the things, from looking in here; not all but some.

. . . .

Q. In your capacity as an attorney, do you understand that some documents are privileged on their face from discovery?

A. Yes, I do.

Q. Okay. In the particular instance of the documents that have been requested by Plaintiffs herein, are some of these documents protected from discovery pursuant to the medical privilege or the peer review privilege?

. . . .

A. I know that I can answer. (In response to the court telling the witness she could answer after an objection was overruled) I'm just trying to answer it. Some of the things asked for are protected.

Medical Center's counsel then offered to tender any all documents to the court for an in camera inspection. Relator's counsel pointed out to the court the burden was upon Medical Center to segregate the documents claimed to be privileged, bring them to the court, have the witness identify the documents and explain why the documents were privileged. Counsel further pointed out the evidentiary deficiency. At no time did Medical Center ask to reopen the hearing to produce additional evidence or actually submit the documents to the court.

 Of all the reasons contained in Medical Center's motion, the witness only mentioned the medical privilege and the peer review privilege. Therefore, we find there

was no evidence to support the assertion of any other privilege, exemption or immunity. Since the witness' testimony was not directed to any specific document or set of documents, Some of the things asked for are protected, is equivalent to no evidence. When a trial judge's decision is based upon no evidence, he has abused his discretion. *Masinga,* 792 S.W.2d at 940–941. When Medical Center and Demler failed to meet their evidentiary burden on their motion for protection, they waived any objections or privileges they had asserted. The trial court was then left with only one decision; to deny the motion. To grant the motion was an abuse of discretion. Mandamus is an appropriate remedy in this case.[2] *Eli Lilly and Co. v. Marshall,* 850 S.W.2d 155, 157 (Tex.1993); *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

We conditionally grant the writ of mandamus. Only if the trial judge does not withdraw his order of October 29, 1993, and does not enter an order denying the motion for protective order and requiring compliance with the subpoena duces tecum will the writ issue.

**WRIT CONDITIONALLY GRANTED.**

---

**2.** Medical Center asserts mandamus is inappropriate because relators have not asked for any reconsideration of the court's order. This is not

a requirement. *See Jampole v. Touchy,* 673 S.W.2d 569, 574 (Tex.1984).