

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00080-CV

_____

RICHARD A. MYERS, Appellant

V.

BRANCH BANKING & TRUST COMPANY, Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-259032-12

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

After obtaining a judgment against Appellant Richard A. Myers, Appellee Branch Banking & Trust Company (BB&T) served third-party discovery on three financial institutions in its post-judgment collection efforts. To prevent BB&T from obtaining documents from the banks, Myers filed a motion for protective order. In the motion, Myers argued that BB&T gave notice of its intent to serve one set of subpoenas but may have served a different set of subpoenas on the banks. Myers, however, produced no evidence that the subpoenas served actually differed. And Myers apparently took no steps to substantiate his fears before filing his motion.

The trial court denied the motion for protective order and ordered Myers and his counsel to pay BB&T $1,460.00 in attorney's fees as a sanction for discovery abuse under Texas Rule of Civil Procedure 215.3.

In three points, Myers complains that the trial court abused its discretion in denying the motion for protective order and awarding BB&T its attorney's fees as sanctions, and he complains that there is no evidence supporting the imposition of sanctions or the amount of attorney's fees awarded. We resolve all three points against Myers.

First, the trial court did not abuse its discretion by denying Myers's motion for protective order. Myers did not establish a particular, specific, and demonstrable injury by facts sufficient to justify a protective order. Instead, he based his motion on speculation—and no evidence—that BB&T may have served subpoenas that differed

from the subpoenas it attached to its notices. His conclusory assertion that he supposedly did not have an opportunity to review and object to the subpoenas did not satisfy his burden.

Second, the trial court did not abuse its discretion by imposing sanctions upon Myers and his counsel. Myers filed a motion that had the effect of preventing BB&T from obtaining discovery from the banks, while his counsel did not take the steps necessary to determine whether his motion had any factual or legal basis before filing the motion.

Finally, the affidavit of BB&T's counsel supports the amount of attorney's fees awarded by the trial court.

Accordingly, we will affirm.

## Background

BB&T obtained a judgment against Myers and others in a foreclosure–deficiency action. This court affirmed that judgment in a prior appeal. *See RCC Heritage Glade, Ltd. v. Branch Banking & Tr. Co.*, No. 02-15-00313-CV, 2016 WL 7473932, at *9 (Tex. App.—Fort Worth Dec. 29, 2016, pet. denied) (mem. op.). BB&T sought post-judgment discovery of Myers's financial records from three financial institutions: JPMorgan Chase Bank, N.A. (Chase), Fidelity Brokerage Services, LLC (Fidelity), and Citibank, N.A. (Citibank) (collectively, the Banks).

On the last business day before the Banks were required to respond to the discovery requests, Myers filed a motion for protective order. The motion contended

that Myers's counsel did not receive notice that BB&T had filed with the trial court copies of the subpoenas that BB&T actually served on the Banks, claiming that Myers was entitled to such notice under Texas Rule of Civil Procedure 191.4. In the motion, Myers's counsel admitted that he received BB&T's ten-day notices of intent to serve subpoenas on the Banks (the Ten-Day Notices).[1] But he argued that in those Ten-Day Notices, BB&T stated it would issue "amended subpoenas" and then attached "[u]nsigned forms of subpoenas" and not "amended subpoenas" to the notices. As a result, the motion argued that counsel was "unable to review and object to the subpoenas actually served, if any," on the Banks. Thus, Myers requested a protective order because BB&T "failed to comply with the applicable rules of discovery to third-parties [sic]." He stated that the filing of the motion "relieve[d] the [Banks] from having to comply with any subpoena unless ordered to do so by th[e] [trial] [c]ourt." And Myers requested recovery of his attorney's fees, citing no legal authority for his request.

---

[1]Under Rule 205.3, "[a] party may compel production of documents and tangible things from a nonparty by serving . . . the notice required in Rule 205.2 and a subpoena compelling production or inspection of documents or tangible things." Tex. R. Civ. P. 205.3. Under Rule 205.2, "[a] party seeking discovery by subpoena from a nonparty must serve, on the nonparty and all parties, a copy of the form of notice required under the rules governing the applicable form of discovery." Tex. R. Civ. P. 205.2. "A notice to produce documents or tangible things under Rule 205.3 must be served at least 10 days before the subpoena compelling production is served." *Id.* "[D]iscovery requests, deposition notices, and subpoenas required to be served on nonparties" must be filed. Tex. R. Civ. P. 191.4(b).

4

BB&T filed a response addressing Myers's insinuation in his motion for protective order that BB&T had engaged in subterfuge in connection with the third-party discovery. BB&T stated, among other things, that the subpoenas it attached to the Ten-Day Notices were "exactly the same" as the subpoenas it served on the Banks and that its executed returns of service had been on file since December 27 and 28, 2018. According to BB&T's response, Myers's counsel "never once conferred with BB&T's counsel" prior to filing the motion for protective order and Myers's filing of the motion prevented BB&T from obtaining any documents from the Banks, who had not objected to the subpoenas. BB&T requested attorney's fees pursuant to Texas Rule of Civil Procedure 215.3, arguing that Myers abused the discovery process by filing the motion based on an "unsubstantiated, reckless belief" when the motion would have the effect of preventing BB&T from obtaining discovery from the Banks. BB&T also argued that there was no legal or factual basis for Myers's request for attorney's fees.

Over a week later, the court held a hearing, entered an order denying Myers's motion for protective order, and ordered Myers and his counsel to pay BB&T's reasonable attorney's fees in the amount of $1,460.00 "as a discovery sanction under [Texas] Rule [of Civil Procedure] 215.3."[2] Myers appeals.

---

[2] At Myers's request, the trial court entered findings of fact and conclusions of law in support of its sanctions order.

## The Trial Court Did Not Abuse Its Discretion by
## Denying Myers's Motion for Protective Order

Myers's first point addresses both the trial court's ruling on the motion for protective order and the trial court's imposition of sanctions. We will first address the ruling on the motion for protective order.

In his first point, Myers contends that the trial court abused its discretion by denying Myers's motion for protective order. We disagree because Myers did not meet his burden to obtain a protective order.

**A.     A trial court does not abuse its discretion by denying a motion for protective order when a movant fails to show a "particular, specific, and demonstrable injury" by facts sufficient to justify a protective order.**

Under Texas Rule of Civil Procedure 192.6, a person affected by a discovery request may move, within the time permitted for a response to the discovery request, for an order "protecting that person from the discovery sought." Tex. R. Civ. P. 192.6(a). A court may enter a protective order "[t]o protect the movant from undue burden, unnecessary expenses, harassment, annoyance, or invasion of personal, constitutional, or property rights." Tex. R. Civ. P. 192.6(b); *see also* Tex. R. Civ. P. 192.4.

Appellate courts review a trial court's ruling on a motion for protective order under an abuse of discretion standard. *Johnson v. Davis*, 178 S.W.3d 230, 243 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Although a trial court may exercise some discretion in granting a protective order, such discretion is not without bounds.

*In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). To obtain a protective order, the movant must show a "particular, specific[,] and demonstrable injury" by facts sufficient to justify a protective order. *See id.*; *Tex. Voices for Reason & Justice, Inc. v. City of Argyle*, No. 02-16-00052-CV, 2017 WL 1173837, at *3 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.) (citing *Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990) (orig. proceeding)); *see also In re United Fire Lloyds*, 578 S.W.3d 572, 579 (Tex. App.—Tyler 2019, orig. proceeding) (mem. op.); *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). If the discovery sought is within the scope of Texas Rule of Civil Procedure 192, a trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden. *Brewer & Pritchard*, 167 S.W.3d at 466 (citing *Masinga*, 792 S.W.2d at 940–41); *see also In re Topletz*, No. 05-17-00315-CV, 2017 WL 3634296, at *1 (Tex. App.—Dallas Aug. 24, 2017, orig. proceeding) (mem. op.) ("A trial court abuses its discretion by limiting discovery in the absence of some evidence supporting the request for a protective order.").

A motion for protective order must do more than simply make conclusory allegations. *See Brewer & Pritchard*, 167 S.W.3d at 466; *see also Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding) (stating that the "requirements of a particular, articulated[,] and demonstrable injury, as opposed to conclusory allegations, apply to motions for protective orders"). The party must produce some evidence supporting its request for a protective order. *Brewer & Pritchard*, 167 S.W.3d at 466.

7

**B.** **Myers failed to show a "particular, specific, and demonstrable injury" by facts sufficient to justify a protective order.**

Myers's contention that the trial court abused its discretion by denying his motion for protective order fails for three reasons.

First, Myers completely failed to demonstrate a "particular, specific[,] and demonstrable injury" by facts sufficient to justify a protective order. *See Masinga*, 792 S.W.2d at 940. In fact, Myers never addressed the burden he had to meet in the first place in order to obtain a protective order. The only "injury" of any kind that he referred to in his motion was his being "unable to review and object to the subpoenas actually served, if any," on the Banks—essentially accusing BB&T's counsel of engaging in subterfuge by serving subpoenas different from those it had attached to its Ten-Day Notices. But the record is devoid of any evidence reflecting that BB&T served subpoenas that differed in any way from the forms of subpoenas BB&T attached to its Ten-Day Notices. Indeed, Myers attached no evidence to his motion and did not offer any exhibits into evidence at the hearing.

Myers's conclusory and speculative assertion that BB&T *may* or *may not* have served subpoenas different from those it had attached to the Ten-Day Notices—but he did not know one way or the other—was not enough to meet his burden to establish that a protective order was necessary. *See* Tex. R. Civ. P. 192.6(b); *Garcia*, 734 S.W.2d at 345; *In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 636–37 (Tex. App.—El Paso 2016, orig. proceeding [mand. denied]) (holding that trial court did not abuse

8

its discretion by denying motion for protective order where movant failed to meet its burden of establishing that a protective order was necessary; movant broadly alleged that "discovery . . . will likely involve confidential and/or proprietary information" and did not support its motion with any evidence); *In re K.L. & J. Ltd. P'ship*, 336 S.W.3d 286, 293–94 (Tex. App.—San Antonio 2010, orig. proceeding) (holding that trial court abused its discretion by granting motion for protective order where party failed to make the required showing in the trial court). Myers admitted in both his motion and at the hearing that he received BB&T's Ten-Day Notices along with the unsigned forms of subpoenas attached to those notices. His motion identified no basis for objecting to the forms of subpoenas BB&T attached to the Ten-Day Notices nor the requests it contained. Myers's motion was not based on any evidence of injury whatsoever and was instead based on speculation that BB&T had done something improper—speculation that, as we note below, his counsel could have resolved with a simple inquiry.

Second, even if BB&T was required to file with the trial court copies of the subpoenas that it had actually served on the Banks, and even if BB&T was required to notify Myers of such filing, as Myers contends, Myers failed to demonstrate how BB&T's failure, if any, to do either of these things justified the imposition of a protective order.

In the motion, Myers's counsel claimed that he was "*unable* to review and object to the subpoenas actually served" on the Banks because "no notice of the filing of any

such subpoena has been served upon counsel for [Myers] as of the date hereof." [Emphasis added.] But a ready and obvious solution was available to remedy Myers's counsel's professed inability: a phone call to the clerk, to opposing counsel, or to the Banks. Taking this obvious step would have allowed discovery to proceed, obviated the need for the motion for protective order, and allowed the trial court to better devote its time to other matters on its docket.

Third, Myers argues that BB&T failed to comply with the Texas Rules of Civil Procedure in multiple respects, but he did not raise these grounds for seeking a protective order in his motion. For example, on appeal Myers argues that there is no evidence (1) that BB&T filed the Ten-Day Notices with the trial court, (2) that BB&T served the Ten-Day Notices on the Banks, or (3) that BB&T served the returns of service or subpoenas on Myers's counsel. And he argues that the returns of service for Fidelity and Citibank on file with the trial court did not include the document-production lists that BB&T served with the subpoenas.[3] But although Myers made the conclusory assertion in his motion that BB&T "failed to comply with the applicable rules of discovery to third-parties [sic]," this statement did not

[3]In his reply brief on appeal, Myers also complains that the compliance date in the subpoenas supposedly fell on a legal holiday. "However, an issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this court." *MBR & Assocs., Inc. v. Lile*, No. 02-11-00431-CV, 2012 WL 4661665, at *4 n.7 (Tex. App.—Fort Worth Oct. 4, 2012, pet. denied) (mem. op.) (citing *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)); *see also City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) (per curiam) (issue raised for the first time in a reply brief filed on appeal should not be considered by the court of appeals).

encompass any claimed procedural defect beyond his contention that he did not receive notice that BB&T had filed the subpoenas with the trial court.[4] Thus, we cannot consider these grounds on appeal as a basis for reversing the trial court's order. *See* Tex. R. App. P. 33.1(a).

Even if we could consider Myers's additional grounds for claiming that there was "no evidence" of BB&T's compliance with various rules, it would not change the outcome. All of Myers's arguments on appeal—including those he included in his motion—misconstrue the burden of proof on a motion for protective order. It was not BB&T's burden to prove compliance with every procedural requirement involved in seeking third-party discovery in order to avoid the entry of a protective order. Rather, Myers had the burden to prove the existence of these "procedural infirmities," as he calls them, and to connect them with a "particular, specific, and demonstrable injury" to justify a protective order. *See Masinga*, 792 S.W.2d at 940; *Garcia*, 734 S.W.2d at 345; *Tex. Voices for Reason & Justice*, 2017 WL 1173837, at *3; *Brewer & Pritchard*, 167 S.W.3d at 466. He failed to do so.

---

[4]Additionally, Myers did not raise most of these additional grounds for seeking a protective order at all in the trial court. Although at the hearing before the trial court, he raised his complaints about whether BB&T served the Ten-Day Notices on the Banks, whether the compliance date fell on a legal holiday, and whether BB&T served the returns of service or the served subpoenas on Myers's counsel, the court noted at one point that Myers had raised an argument that was "not a part of [his] motion." Myers may not raise new grounds for his motion for protective order for the first time on appeal. *See* Tex. R. App. P. 33.1(a).

11

Accordingly, we conclude based on this record that the trial court did not abuse its discretion by denying the motion for protective order. We overrule Myers's first point with respect to the ruling on the motion for protective order.

### The Trial Court Did Not Abuse Its Discretion by Awarding BB&T's Attorney's Fees as Sanctions for Discovery Abuse

In the remaining part of his first point, Myers contends that the trial court abused its discretion by awarding BB&T its attorney's fees as sanctions. And in his second point, he contends that there was no evidence supporting the trial court's order imposing sanctions upon Myers.[5] We conclude that the evidence supported the trial court's imposition of sanctions against Myers and his counsel for discovery abuse, and thus the trial court did not abuse its discretion by awarding BB&T its attorney's fees.

**A.  A trial court does not abuse its discretion by imposing sanctions for discovery abuse when there is some evidence of substantive and probative character supporting the trial court's decision.**

Trial courts have broad discretion to impose discovery sanctions to ensure compliance with the discovery rules, to deter other litigants from similar conduct, and to punish violators. *In re Estate of Preston*, 346 S.W.3d 137, 156 (Tex. App.—Fort

___

[5]The trial court's order assessed sanctions against both Myers and his counsel. On appeal, Myers's brief does not specify whether he challenges the trial court's sanctioning of Myers, his counsel, or both. Instead, he focuses on the appropriateness of sanctions generally based on a general contention that the trial court erred by denying the motion for protective order. We will consider his brief as fairly including a challenge to the sanctions as against both Myers and his counsel. *See* Tex. R. App. P. 38.1(f).

Worth 2011, no pet.). We review a trial court's discovery sanction for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules and principles. *Preston*, 346 S.W.3d at 156. In reviewing sanctions orders, we are not bound by a trial court's findings of fact and conclusions of law. *Id.* Rather, we independently review the entire record to determine whether the trial court abused its discretion. *Id.* (citing *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam)). A trial court does not abuse its discretion if some evidence of substantive and probative character exists to support the trial court's decision. *Hernandez v. Rockwater Energy Sols., Inc.*, No. 02-17-00302-CV, 2018 WL 4496149, at *2 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.) (citing *Cire*, 134 S.W.3d at 838, and *Magnuson v. Mullen*, 65 S.W.3d 815, 825–26 (Tex. App.—Fort Worth 2002, pet. denied)).

Texas Rule of Civil Procedure 215.3 allows the trial court to sanction a party if it finds, after notice and hearing, that the party is abusing the discovery process in seeking, making, or resisting discovery. Tex. R. Civ. P. 215.3; *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). Sanctions may be assessed under Rule 215 with regard to post-judgment discovery. *See* Tex. R. Civ. P. 621a; *In re Smith*, No. 02-07-327-CV, 2007 WL 3205185, at *1 (Tex. App.—Fort Worth Oct. 30, 2007, orig. proceeding) (mem. op.). Sanctions that a trial court may impose include ordering the party, the party's attorney, or both, to pay the reasonable expenses,

13

including attorney's fees, caused by the offensive conduct. *See* Tex. R. Civ. P. 215.2(b)(8), 215.3.

**B.    There was some evidence of substantive and probative character supporting the trial court's imposition of sanctions for discovery abuse.**

Myers's brief spends little time specifically focusing on the appropriateness of sanctions in this case, asserting two short arguments. We do not find either argument persuasive and instead conclude, based on our review of the record, that there was some evidence of substantive and probative character supporting the trial court's order.

First, after explaining all the reasons why he contends the trial court erred by denying his motion for protective order—focusing on all the things he contends BB&T did wrong or that he contends BB&T did not prove it did correctly—Myers argues that his counsel "did nothing wrong, yet was penalized for grading BB&T's paper too harshly."[6] Essentially, Myers contends that because the trial court erred by denying his motion for protective order, it also erred by imposing sanctions. We have already determined that the trial court acted within its discretion when denying the motion for protective order. Thus, Myers's main argument for why the trial court erred by imposing sanctions has no merit.

---

[6]Myers briefed his first and second points together in a single section.

14

Second, Myers argues in a single sentence that there is nothing in the record to reflect that he has engaged in a pattern and practice of discovery abuse.[7] This argument presumably relates to the trial court's findings of fact and conclusions of law wherein the trial court found that the "filing of th[e] motion [for protective order] was not the first time that Myers and [his counsel] have acted improperly to disrupt and delay this litigation." The trial court also considered a "history of sanctionable conduct" when awarding sanctions. We agree with Myers that the record before us does not reflect a factual basis for the trial court's findings regarding Myers's prior conduct. But the absence of evidence supporting these findings is not dispositive because we are not bound by the trial court's findings of fact and conclusions of law. *See Preston*, 346 S.W.3d at 156.

The trial court found that "[i]n pursuing the motion, Myers and [his counsel] abused the discovery process." Although Myers is focused on proving what he contends BB&T has done wrong to refute that finding, we are concerned with whether the record supports the trial court's imposition of sanctions against Myers for discovery abuse, and we conclude that it does. The record evidences that Myers filed a motion for protective order—knowing that the motion would prevent BB&T from

---

[7]After this one sentence, Myers devotes an entire paragraph to focusing on BB&T's conduct, directing BB&T to "look in the mirror to see how a party may abuse the discovery process" and outlining prior discovery conflicts between BB&T and Myers. It is not necessary, however, for us to address whether BB&T has engaged in a pattern of discovery abuse for the disposition of this appeal. *See* Tex. R. App. P. 47.1.

15

obtaining documents from the Banks—while not taking any of the obvious steps to determine whether the motion has a factual or legal basis.

Myers filed a motion for protective order based on "his own unsubstantiated, reckless belief that the subpoena returns of service were not filed with the Court when they clearly had been on file for several weeks," as stated in BB&T's response. In his motion, Myers clung to the "procedural infirmity" of not receiving notice that BB&T had filed the subpoenas with the trial court, and then he used the lack of notice to justify his speculation that BB&T may have served subpoenas on the Banks different from those it had attached to its Ten-Day Notices.

In the trial court, Myers explained that his fear about what discovery BB&T served arose because BB&T's Ten-Day Notices supposedly referred to "amended subpoenas," leaving him questioning whether BB&T intended to serve the forms of the subpoenas it attached to those notices. Because he did not receive notice that BB&T had filed the served subpoenas with the trial court, Myers argued that he could not review the served subpoenas. Myers further argued that because he is a party, he had no obligation to check with the trial court to determine if BB&T had filed the subpoenas—claiming instead that BB&T had an obligation to copy him on such filings.

We will assume without deciding that Myers is correct, as a general matter, that he had no obligation to check whether BB&T had filed documents with the trial court in the course of the underlying litigation because Myers is a party. Nonetheless, this

does not mean that Myers may file a motion for protective order based on his contention that he *does not know* whether BB&T had filed subpoenas (and, consequently, *does not know* what discovery BB&T actually served on the Banks) without at least demonstrating that he made a reasonable effort to *find out* whether BB&T had filed the subpoenas.

Like on appeal, in the trial court Myers was so focused on attempting to point out BB&T's purported errors that he seemingly lost sight of his own obligations to perform a reasonable inquiry into the legal and factual basis for a motion before filing the motion and to not abuse the discovery process. *See* Tex. R. Civ. P. 13, 215.3; Tex. Civ. Prac. & Rem. Code Ann. § 10.001. The record reflects that Myers did absolutely nothing to determine what discovery BB&T actually served on the Banks or to determine whether BB&T had filed any subpoenas with the court before filing the motion. He did not call the court. He did not check the online docket. He did not contact BB&T's counsel. Myers stated no objections to the substance of the discovery directed to the Banks in his motion for protective order. Myers appeared to bury his head in the sand so that he could profess ignorance of what discovery BB&T actually served on the Banks, and then he relied on that self-inflicted ignorance to file the motion and delay efforts to collect on the underlying judgment. It was within the trial court's discretion to determine that Myers's purposes for filing the motion were improper and were not to protect Myers from any "particular, specific[,] and

17

demonstrable injury," as they were supposed to be. *See Masinga*, 792 S.W.2d at 940; *see also* Tex. R. Civ. P. 192.6(b).

Myers's filing the motion for protective order without taking any steps to determine whether the motion had a factual or legal basis also impacted innocent bystanders in the process: the Banks. Myers filed the motion at the eleventh hour. It is a reasonable concern that because Myers filed the motion on the last day before compliance with the subpoenas was due, the Banks were likely in the unnecessary process of preparing to produce documents when (unbeknownst to them) Myers filed the motion.

Myers was entitled to the full time period set forth in the Texas Rules of Civil Procedure before filing a motion for protective order, s*ee* Tex. R. Civ. P. 192.6(a), and nothing we state in this opinion should be construed as suggesting the contrary. But at the hearing, Myers's counsel stated that he "decided [he] would just wait and get the actual subpoena to see if it's effectually served . . . and just seeing if it's going to comply with the law." But then "[n]othing is sent to [him]. . . . So [he] filed a motion for protective order on the last business day." Thus, Myers knew early on that he intended to file the motion for protective order unless BB&T notified him that it had filed copies of the subpoenas with the trial court—then he waited as long as possible before filing the motion while doing nothing to determine if the motion needed to be filed at all. And when he filed the motion, Myers based the motion on his claimed ignorance about what subpoenas BB&T had served on the Banks. The point is this:

18

Myers intentionally took the entire time available to him under the law to file the motion for protective order. After waiting weeks to file the motion, Myers filed the motion based on his claimed inability to answer a question. He easily could have answered that question at any time during those weeks by making a simple phone call. It was reasonable for the trial court to consider these facts when deciding whether to impose sanctions for discovery abuse.

Based on our review of the record, we conclude that evidence of substantive and probative character exists to support the trial court's decision to impose sanctions upon Myers and his counsel pursuant to Texas Rule of Civil Procedure 215.3. *See* Tex. R. Civ. P. 215.2(b)(8), 215.3. Myers filed a motion for protective order without performing a reasonable inquiry into the legal and factual basis of the motion—and instead chose to remain ignorant of whether the motion had any such basis—preventing BB&T from obtaining otherwise discoverable records from the Banks. *See Hernandez*, 2018 WL 4496149, at \*2. Accordingly, the trial court did not abuse its discretion by imposing sanctions and ordering Myers and his counsel to pay BB&T's attorney's fees as a discovery sanction.[8] We overrule the remainder of Myers's first point and the entirety of his second point.

---

[8]Myers raises no argument challenging whether the order sanctioning Myers and his counsel is just—that is, whether it has a direct relationship between the offensive conduct and whether the sanction imposed is no more severe than necessary to satisfy its legitimate purpose. *See Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014); *Cire*, 134 S.W.3d at 839; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917–19 (Tex. 1991) (orig. proceeding); *Preston*, 346 S.W.3d at 156–57.

19

## Legally Sufficient Evidence Supports BB&T's Attorney's Fees Award

In his third point, Myers argues that there was no evidence supporting BB&T's award of its attorney's fees.[9] As noted above, Rule 215.2(b)(8) authorizes the trial court to order a party or a party's attorney to pay reasonable expenses, including attorney's fees, caused by discovery abuse. *See* Tex. R. Civ. P. 215.2(b)(8), 215.3.

Myers argues that at the hearing on the motion, BB&T offered no "testimony, documents, time or billing records supporting its claim for reasonable and necessary attorneys' fees as sanctions against Myers." Therefore, he argues, "there was no evidence to support the trial court's Order and findings and conclusions in awarding BB&T[] its attorney's fees." The record shows to the contrary.

---

To the extent Myers's brief could be construed as fairly including any such issue, we conclude that the trial court's order requiring Myers and his counsel to pay BB&T's attorney's fees incurred in connection with responding to the motion has a direct relationship with the filing and pursuing of the frivolous motion for protective order and was no more severe than necessary to satisfy its legitimate purposes.

Additionally, BB&T requested attorney's fees under Chapter 10 of the Texas Civil Practice and Remedies Code as well as Texas Rule of Civil Procedure 215.3. The trial court's order imposes sanctions under only Rule 215.3 and not Chapter 10 of the Texas Civil Practice and Remedies Code. But in its findings of fact and conclusions of law, the trial court concluded that the filing of the motion warranted the imposition of sanctions against Myers under both Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 215.3. Assuming that the trial court imposed sanctions under both grounds, we need not consider whether the trial court erred by imposing sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code because we conclude that the trial court did not abuse its discretion by imposing sanctions under Rule 215.3, and this is dispositive. *See* Tex. R. App. P. 47.1.

[9]Myers does not contend that the amount awarded was excessive or that the trial court failed to consider lesser sanctions.

The record reflects that BB&T's attorney, Audra Mayberry, submitted an affidavit (the Mayberry Affidavit) in support of BB&T's attorney's fees request. Mayberry explained the basis for her knowledge of the customary attorney's fees charged in similar matters; her involvement in the litigation; the hourly rate her law firm charged for her services ($365.00); and that by the time she executed the affidavit, she had spent four hours responding to the motion for protective order, incurring fees of $1,460.00. She stated that she would incur additional time to attend the hearing on the motion. Mayberry further explained the legal services she provided to BB&T in connection with responding to the motion; that the amount of time she spent performing those services was reasonable; that her hourly rate was a usual and customary rate; and that $1,460.00 in attorney's fees was a reasonable and necessary amount. The hours and fees Mayberry set forth in her affidavit were based on her review of contemporaneously kept time records.

In short, the Mayberry Affidavit described the particular services performed, who performed the services, when the services were performed, the reasonable amount of time required to perform the services, and the reasonable hourly rate for the performance of such services. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).

On appeal, Myers makes no reference to, and thus raises no challenge to, the Mayberry Affidavit. In response to Myers's third point, BB&T points out the existence of the Mayberry Affidavit and explains how it provided legally sufficient

21

evidence supporting BB&T's attorney's fees.  Although Myers filed a reply brief, he does not use that brief as an opportunity to explain why the Mayberry Affidavit constituted no evidence to support the amount of attorney's fees the trial court awarded.  And we can discern no such reason.

The trial court properly considered the Mayberry Affidavit when ordering Myers to pay BB&T the amount of $1,460.00 in attorney's fees as a discovery sanction.  *See Day v. Federation of State Med. Bds. of the U.S., Inc.*, 579 S.W.3d 810, 825 (Tex. App.—San Antonio 2019, pet. denied) (citing *Brownhawk, L.P. v. Monterrey Homes, Inc.*, 327 S.W.3d 342, 348–49 (Tex. App.—El Paso 2010, no pet.)).  We conclude that the amount awarded by the trial court is supported by the record, and we discern no abuse of discretion in the court's award.  We overrule Myers's third point.

## Conclusion

Having overruled Myers's three points on appeal, we affirm the trial court's order.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  April 2, 2020

22