34 S.W.3d 354 (2001)
In re Jose F. and Nellyda G. AMAYA, et al.
No. 10-00-210-CV.
Court of Appeals of Texas, Waco.
January 17, 2001.
*355 Scott Alan Ozmun, Whitehurst, Harkness, Ozmun & Archuleta, P.C., Michael G. Lockwood, Kiester & Lockwood, L.L.P., Austin, for appellant.
Michael G. Cosby, Pakis, Giotes, Page & Burleson, P.C., Waco, for Real Party in Interest.
Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

OPINION
GRAY, Justice.
Amaya et al. obtained judgments against Keith Wood (and others) in excess of $1,400,000. He has left the country. In an effort to find him, or more importantly, to find his assets from which the judgments could be satisfied, Amaya sought to depose Wood's daughter, Deborah. Amaya served on Deborah a subpoena to compel her appearance at a deposition and to produce certain documents. Prior to the deposition, Deborah moved to quash the deposition and for a protective order.
The trial court granted the motion for protection and severely limited the scope of discovery Amaya could obtain from Deborah. Essentially, the trial court limited the discovery to what Deborah was willing to voluntarily produce.
Amaya filed a petition for writ of mandamus alleging that the trial court abused its discretion in limiting the scope and the form of discovery it sought from Deborah. We will conditionally grant the writ.

MANDAMUS?
The deposition was noticed pursuant to rule 621a. TEX.R. CIV. P. 621a. The first question we must decide is whether an order rendered to aid in the enforcement of a judgment must be appealed or is it the proper subject of a petition for writ *356 of mandamus. The courts that have addressed this question have determined that for anything other than what could be characterized as a "final judgment," mandamus is the proper form to obtain a review of a trial court's post judgment discovery order. Collier Services Corp. v. Salinas, 812 S.W.2d 372 (Tex.App.-Corpus Christi 1991, orig. proceeding); Parks v. Huffington, 616 S.W.2d 641, 644-645, (Tex.Civ.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.). While it is unclear exactly what may constitute a "final judgment" in the context of a post judgment discovery order, it is clear that the order in this cause is the type order that other courts have reviewed in a mandamus action. Arndt v. Farris, 633 S.W.2d 497, 500 n. 5 (Tex.1982); Collier, 812 S.W.2d at 375. The rule under which discovery in aid of enforcement of a judgment is authorized also makes it clear that our "supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable." TEX.R. CIV. P. 621a.
Mandamus may issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.1985). Because we ultimately have determined that the trial court abused his discretion and there is no adequate remedy at law, we have authority to review the trial court's post judgment discovery order by petition for writ of mandamus.

POST JUDGMENT DISCOVERY
Post judgment discovery is specifically authorized by Rule 621a. This rule provides that all the tools of discovery authorized by the rules of civil procedure are also available in aid of enforcing a judgment.
Rule 621a. Discovery and Enforcement of Judgment
At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters.... The rules governing and related to such pre-trial discovery proceedings shall apply in like manner to discovery proceedings after judgment.... Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable.
TEX.R. CIV. P. 621a.
Thus, after a judgment, a party's right to discovery, the forms of discovery, the opposing person's burden to prove an exemption or protection from discovery, the trial court's order regarding post judgment discovery and our review of the trial court's order are all governed by the same rules and authorities as are applicable to pre-trial discovery. Depositions with an attached subpoena duces tecum are specifically authorized discovery tools. TEX.R. CIV. P. 192.1(f), 199.2(b)(5). Further, except as specifically limited by the rules or statutes, no person can refuse to be a witness, refuse to disclose any matter or refuse to produce any object or writing. TEX.R.EVID. 501.
A trial judge may exercise some discretion in the granting of a protective order and in controlling the nature and form of discovery. Masinga v. Whittington, 792 S.W.2d 940 (Tex.1990) (construing TEX.R. CIV. P. 166b(5) (repealed 1992), the predecessor to TEX.R. CIV. P. 192). However, that discretion is not without bounds. Id. A party seeking to avoid discovery *357 must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. Id. See also Garcia v. Peeples, 734 S.W.2d 343, 345 (Tex. 1987). "So long as the discovery sought is within the scope of Rule 166b [now 192], a trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden." Masinga, 792 S.W.2d at 940-941. Conclusory allegations are not adequate. Garcia, 734 S.W.2d at 345.
Any party who seeks to exclude matters from discovery on grounds that the requested information is unduly burdensome, costly or harassing to produce, has the affirmative duty to plead and prove the work necessary to comply with discovery. Independent Insulating Glass/Southwest, Inc. v. Street, 722 S.W.2d 798, 802 (Tex.App.-Fort Worth 1987, writ dism'd). Otherwise, the trial court cannot make an informed judgment on whether to limit discovery on any of these bases. Id. Failure to follow this procedure constitutes a waiver of any complaint of the trial court's action. Id.

THE HEARING
Deborah's motion asserts that she is entitled to protection because:
1. The requested discovery is intended for the purpose of harassment and annoyance;
2. Her only connection to the matter is that she is the daughter of Wood;
3. She was not an officer, director, shareholder or owner of any of the entities identified in the subpoena or the entities who were defendants in the underlying litigation;
4. Requiring compliance would subject her to a vast, expensive and time consuming ordeal;
5. The requested discovery is unduly burdensome and harassing;
6. The requested discovery is an improper use of discovery process;
7. The requested discovery is intended to harass and annoy;
8. The requested discovery is an invasion of her privacy; and
9. The requested discovery is irrelevant, nor is it calculated to lead to the discovery of relevant evidence.
The only evidence Deborah presented[1] to support any of these allegations was an affidavit. No witnesses were called to testify on her behalf. The full text of her affidavit, other than the formalities, is as follows:
I have reviewed the subpoena that was served upon me in connection with a lawsuit in which my father was apparently a defendant. I have reviewed the names of all of the defendants in the two cases listed on the subpoena. I have *358 never been an owner, officer or shareholder in any of the entities listed. I do not have possession of or access to any of the books or records of any of the defendants. I do not have possession or access to any of the financial records of my father, Keith Wood. I was not a party to the lawsuit in which my father was a defendant and have no personal knowledge of the disposition of either of the lawsuits identified in the subpoena that was served on me.
In response to this evidence, Amaya presented[2] several exhibits. These exhibits included the judgments against Wood, articles of incorporation for another corporation, and excerpts of a deposition of Wood. The exhibits established that Amaya had judgments against Wood, that when he was last deposed he had assets worth $25,000,000, was living in, and keeping records at a house in Waco, and that he and his daughter had previously worked together as two of the initial board members of an unrelated corporation. It was also undisputed that Wood has conveyed the house in Waco where the records were stored to Deborah.
The trial court granted the motion for protection and quashed the deposition notice. Discovery was limited to production of records of international telephone calls since January 1, 2000 and a deposition on written questions related to the following:
1. Her acquisition of the Waco property; and
2. Her knowledge of any and all addresses and phone numbers for her father, Keith Wood, since January 1, 2000.

APPLICATION
There was no evidence offered to show the time, expense or burden for Deborah to appear for the deposition or respond to the subpoena duces tecum. If, as her counsel argued, she has no knowledge of her father's location or the location of his or the corporate records sought, she can testify to that effect. Likewise, there was no showing that the discovery sought is solely for the purpose of harassment, annoyance or an improper purpose. Many deponents consider any deposition harassing and burdensome and perhaps annoying, but unless the purpose of the deposition can be shown to be only for an improper purpose, or unless it is an undue burden, the trial court cannot limit the deposition on these bases. While it may have been shown that her only connection with these judgments or litigation was that she was Wood's daughter, it was also shown that she had previously served on the board of another corporation with Wood, leading to a reasonable conclusion that she may have learned something about him or his other business dealings, outside the knowledge that the normal father and daughter relationship might reveal. Nor has she demonstrated how her privacy would be invaded.
Amaya is entitled to engage in discovery reasonably calculated to lead to the discovery of assets from which to satisfy the judgments. Being able to question a close family member regarding the disposition or location of records that were stored in the house previously owned by her father, that was subsequently conveyed to her and where she now lives may assist in this search for assets. The probability that information relevant to the search for Wood and his assets may be discovered from Deborah, was enhanced when it was shown that Deborah and her father had together been involved in some other business activity. Anything that could assist in locating Wood or his assets is relevant. Deborah remains entitled to the same procedures for protection during the course of the deposition as any deponent.
*359 Deborah had the burden to plead and prove an exemption from discovery. She failed to show that the information sought was in any way exempted from discovery or was unduly burdensome, costly, or harassing to produce. On the record before us, the trial court abused its discretion by limiting Amaya's discovery from Deborah. We conditionally grant the writ of mandamus, directing the trial court to vacate its order quashing the notice of oral deposition with an attached subpoena duces tecum of Deborah Wood.
NOTES
[1] Actually Deborah introduced no evidence. Her affidavit which was filed was never marked as an exhibit, was never offered into evidence, and was never received by the trial court. Just as in trial, in a discovery hearing, this process provides a critical function. Only at the time that an exhibit is offered may the opposing party evaluate the admissibility of the evidence in the context of the then existing record. At the time that the exhibit is offered, the opposing party must make all objections to the introduction of the evidence or the objections are waived. While in Osborne v. Johnson, 954 S.W.2d 180, 185 (Tex. App.-Waco 1997, orig. proceeding), we considered the contents of an exhibit that had never been introduced, we subsequently noted that the better practice is that the affidavit should always be formally admitted into evidence. In re Monsanto Co., 998 S.W.2d 917, 926 (Tex.App.-Waco 1999, orig. proceeding) (petition for writ of mandamus pending). In Osborne, it was clear that all the parties considered the affidavit as being before the trial court. It had been filed prior to the hearing and "tendered" to the trial court during the hearing. Evidence opposing the affidavit was introduced in a similar manner. However, this case is quite to the contrary. The affidavit was simply filed with the clerk and referred to in argument. In the interest of justice, we are addressing the merits of this claim based upon the contents of the affidavit. Filing an affidavit is not adequate to have it considered as evidence by the trial court in support of an exemption from discovery.
[2] Amaya's evidence suffers most of the same problems as Deborah's. See footnote 1. However, some of the exhibits were not just filed as attachments to Amaya's response, but were actually physically handed to the trial court during the course of the hearing. We will address Amaya's evidence for the same reasons we addressed Deborah's.