In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00041-CR


______________________________




EDDIE RAY WOOTEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,524-2000




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Eddie Ray Wooten was indicted by the grand jury of Wood County on a charge of aggravated
sexual assault of a child, enhanced by a previous felony conviction for delivery of a controlled
substance (cause number 16,524-2000 in the trial court). After voir dire and the seating of a jury,
Wooten entered a plea of no contest to the charges in this case and a plea of true to the enhancement
paragraph in this cause. He also entered a plea of no contest in a companion case, trial court cause
number 16,525-2000 (No. 06-01-00042-CR in this court), a charge of engaging in sexual contact
with a child, arising out of the same conduct. Pursuant to a plea bargaining agreement, the trial court
sentenced Wooten to a term of twenty years on each conviction, the sentences to run concurrently. 
The date of the judgment was January 3, 2001. Wooten filed a pro se Notice of Appeal on January
30, 2001. Court-appointed appellate counsel in this case has filed a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

 Tex. R. App. P. 25.2(3) states that in the case of an appeal from a judgment rendered on a
defendant's plea of guilty or no contest under Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.
2002), and the punishment assessed does not exceed the punishment recommended by the prosecutor
and agreed to by the defendant, any notice of appeal must (A) specify that the appeal is for a
jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or (C) specify that the trial court granted permission to appeal. 

 As the pro se Notice of Appeal was timely filed by Wooten, our appellate jurisdiction was
invoked, at least to determine if we have jurisdiction. However, the record indicates that in this case,
as well as in the companion case, Wooten entered a no contest plea to the allegations of the
indictment, and in this case pleaded true to the enhancement paragraph of the indictment, as provided
in Tex. Code Crim. Proc. Ann. art. 1.15. His sentence did not exceed the prosecutor's
recommendation. Wooten's Notice of Appeal does not allege that his appeal is for a jurisdictional
defect, indicate that its substance is based on a written motion raised and ruled on before trial, nor
does it state that the appeal is with the trial court's permission. Therefore, the Notice of Appeal was
not sufficient to confer jurisdiction to consider the appeal on the merits. Lopez v. State, 60 S.W.3d
268 (Tex. App.-Texarkana 2001, no pet.).

 The appeal is dismissed for want of jurisdiction.




 Ben Z. Grant

 Justice


Date Submitted: January 29, 2002

Date Decided: January 29, 2002


Do Not Publish



Hidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00051-CV

                                                ______________________________

 

 

 

                                     IN
RE:  MOTOR CAR CLASSICS, LLC, D/B/A

DREAM
CAR CLASSICS AND ART WEISS

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            In this original mandamus proceeding,
Relators Motor Car Classics, LLC, d/b/a Dream Car Classics (Dream Car) and Art
Weiss complain that the respondent trial court abused its discretion when it
issued a civil contempt order against Dream Car.[1]  This post-trial discovery dispute began with
the service of certain post-judgment discovery on Dream Car.[2]  Dream Car made a response to these discovery
requests, upon receipt of which Abbott filed a motion to compel which sought complete
production of documents pursuant to post-judgment discovery.  A hearing on the motion to compel evidently
took place on February 2, 2010.  Thereafter,
the trial court entered an order dated February 5, 2010, granting plaintiffs
motion to compel post-judgment discovery. 
The trial court ordered Dream Car to produce 

the
originals or true copies of all responsive documents not previously produced to
Plaintiff including, without limitation, all records of accounts or related
checks, statements as to any inventory, and all documents evidencing any securities,
receivables, assets, expenses or liabilities of Weiss and Dream Car on or
before February 22, 2010 . . . .[3]

 

            Dream Car evidently produced some
additional documentation in response to this order, but this additional
documentation was not sufficient to satisfy Abbott, who filed a motion for
civil contempt against Dream Car on April 15, 2010.  The motion alleged that Dream Car failed to
comply with significant categories of documents.  

            On May 21, 2010, Dream Car filed its
response to the motion for civil contempt alleging, among other things, that
the categories of documents Abbott represented were not produced were not a
part of the previous order compelling post-judgment discovery.  Dream Car attached an affidavit[4]
to its response, alleging that Dream Car sent counsel for Abbott two separate stacks
of documents with cover letters, which documents 

appear to be, among other things, bank
statements, checks, records of accounts with related checks, statements as to
inventory sold and the sale prices, documents evidencing that Dream Cars
assets are pledged to several banks, loan documents, receivables, assets,
expenses, or liabilities. 

 

(Emphasis
added.)

            Also on May 21, 2010, the trial
court heard Abbotts motion for civil contempt, and thereafter issued an order
granting that motion on June 10, 2010.  The
order (1) listed twelve categories of documents Dream Car was to produce within
seven days of the date of the order; (2) ordered that if Dream Car failed
to produce the documents within that period, it would be sanctioned the sum of
$1,000.00 per day until the documents were produced; and (3) ordered Dream Car
to pay $2,500.00 in reasonable attorneys fees as a further sanction.[5]  In this original proceeding, Dream Car asks
this Court to (1) vacate the civil contempt order in its entirety; (2) prevent
further orders or sanctions by the respondent trial court relating to the civil
contempt order, upon further orders of this Court; (3) issue an order requiring
the identification of what discovery must be provided and the provision of a
reasonable time in which relators must comply; and (4) determine that Weiss is
not subject to the April 15, 2010, motion for civil contempt.  

            Mandamus is an extraordinary remedy
that will issue only to correct a clear abuse of discretion, or, in the absence
of another statutory remedy, when the trial court fails to observe a mandatory
statutory provision conferring a right or forbidding a particular action.  In re
Team Rocket, L.P., 256 S.W.3d 257 (Tex. 2008) (orig. proceeding); In re Nitla S.A. de C.V., 92 S.W.3d 419,
422 (Tex. 2002) (orig. proceeding).  When
the trial courts action is mandatory, mandamus is the appropriate remedy to
compel the performance of the ministerial act. 
In re Perritt, 992 S.W.2d 444,
447 (Tex. 1999) (orig. proceeding).  A
petition for writ of mandamus is also the proper way to seek review, as in this
case, of a trial courts post-judgment discovery order.  Bielamowicz
v. Cedar Hill Indep. Sch. Dist., 136 S.W.3d 718, 723 (Tex. App.Dallas
2004, pet. denied & orig. proceeding); In
re Amaya, 34 S.W.3d 354, 356 (Tex. App.Waco 2001, orig. proceeding).

            While review by appeal typically
involves submission of the appellate record to the appellate court,[6]
in an original mandamus proceeding, it is the responsibility of the relator to
submit with the petition seeking the extraordinary relief an appendix
containing a sworn copy of any order complained of, or any other document
showing the matter complained of.  Tex. R. App. P. 52.1, 52.3(k)(1)(A).   The petition must also be accompanied by a
certified or sworn copy of every document that is material to the relators
claim for relief and that was filed in any underlying proceeding.  Tex.
R. App. P. 52.7(a)(1).  It is the
burden of a relator seeking issuance of a writ of mandamus to provide a record
sufficient to establish the relators right to mandamus relief.  See
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  

            This case involves a civil contempt
order issued against Dream Car as a result of Dream Cars failure to comply
with an order compelling discovery.  The
record before us does not include information we believe to be vital to an
evaluation of the merits of the petition. 
The record fails to include (1) the discovery propounded on Dream Car
which underlies the post-judgment discovery orders; (2) responses made by Dream
Car to the post-judgment discovery in issue; (3) a record of the hearing on
Abbotts motion to compel discovery on February 2, 2010; and (4) a record of
the hearing on Abbotts motion for civil contempt on May 15, 2010.  

            A mandamus action requires certainty
as to both pleadings and facts.  Johnson v. Hughes, 663 S.W.2d 11, 12
(Tex. App.Houston [1st Dist.] 1983, orig. proceeding).  If relators right to mandamus rests on
doubtful or disputed facts, mandamus will not issue.  West v.
Solito, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding).  Here, the incomplete record precludes the
type of certainty that would permit us to determine whether the trial court
clearly abused its discretion in entering the order granting the motion for
civil contempt.  Accordingly, Relators
petition for writ of mandamus is denied. 
See Tex. R. App. P. 52.8(a).

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          July 14, 2010

Date
Decided:             July 15, 2010











[1]Real
Party in Interest, Ronald E. Abbott, was awarded a final judgment against Dream
Car and Weiss by order granting summary judgment dated September 10, 2009. 

 





[2]While
Abbott evidently served like discovery on Weiss, the motion for civil contempt
which is the subject of Dream Cars petition for writ of mandamus was entered
only against Dream Car. 

 





[3]Dream
Car complains that this order is vague. 
However, the record before us does not indicate that Dream Car objected
to the language of the order or that it submitted a proposed alternate order.





[4]The
affidavit, dated May 21, 2010, under a Florida notary seal, was signed by
Robert L. Chapman, a Florida attorney representing Dream Car.

 





[5]In response to the civil contempt order, Dream Car produced
additional documents via letter dated June 9, 2010. Counsel for Abbott
represents to this Court that the trial court has not determined whether Dream
Car made a complete production in response to the civil contempt order, and
whether any additional sanctions will be awarded for any failure to produce
documents within seven days of the civil contempt order.  

 





[6]Tex. R. App. P. 34.