Dismissed in Part and Reversed and Remanded in Part; and Opinion filed
May 26, 2005









Dismissed in Part and Reversed
and Remanded in Part; and Opinion filed May 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-04-00540-CV
&

     
14-04-00360-CV

_______________

 

BREWER & PRITCHARD,
P.C., Appellant

 

V.

 

NICK
JOHNSON AND JAMES W. CHANG, Appellees

_________________________________________________________________

 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause Nos. 03‑29071
& 98‑43230

_________________________________________________________________

 

O P I N I O N

In this appeal from a summary judgment, Brewer &
Pritchard appeals a judgment in favor of Nick Johnson and James W. Chang on the
grounds that the trial court: (1) abused its discretion in denying discovery on
the remanded claims, and (2) erred in granting summary judgment.  We reverse and remand as to cause number
14-04-00540-CV.  Cause number
14-04-00360-CV is dismissed as moot.








I.  Background

In April 1995, while Chang was employed by Brewer &
Pritchard, he and Henry King, a close personal friend, were together on a ski
vacation when King=s father, Herbert King, and several members of a delegation
from China were severely injured in a helicopter crash that occurred near
Flower Mound, Texas.  Chang returned home
two days later and talked to two members of Brewer & Pritchard about the
possibility that the firm might be retained to represent the crash victims.  One of the Brewer & Pritchard partners,
Patrick Gaas, discussed with Chang how to structure a contingent fee agreement
and issues that could arise. Gaas explained to Chang the possibility of
referring the case to another firm and how to structure a referral fee
agreement. 

Chang scheduled meetings for Henry King with several personal
injury lawyers and firms.  Chang
accompanied King at all of those meetings. 
One of the attorneys they consulted was Nick Johnson, a close friend of
Chang=s since they had been in law school
together.  Henry King and Johnson were
also friends.  They had become acquainted
six or seven years earlier through Chang. 
Chang billed to Brewer & Pritchard=s business development file faxes to
and from Henry King, Nick Johnson, and another personal injury lawyer in
Houston. Chang also billed to the same file long distance telephone calls to
the hospital where Henry King=s father was being treated and to the hotel where the King
family was staying, and Chang billed shipping charges on a package from Henry
King to the same file.








Five days after the crash, Henry King signed a contingent fee
agreement with Nick Johnson during or shortly after a meeting at which Chang
was present.  Johnson told King at that
meeting that he would refer the case to the firm of Jamail & Kolius.  The next day, Johnson referred the case to
Jamail & Kolius for fifty percent of the net fee. Joe Jamail and Johnson
subsequently met with other victims of the crash who were hospitalized in Fort
Worth, and Jamail and Johnson were retained to represent them as well as the
survivors of a victim who was killed in the crash.  All the claimants other than the King family
were citizens of China, and suit was filed in federal court. 

About two months after the crash occurred, Chang left Brewer
& Pritchard to work for another firm that had a corporate securities
practice.  The helicopter crash suit was
settled in October 1996, and Nick Johnson received a $3,000,000 fee.  It is unclear from the record whether that
fee was solely referable to the Kings= claims or whether it also included a
fee from the other crash victims who were citizens of China.  About a year later, Chang left the firm with
which he had been working and formed a partnership with Nick Johnson and Riley
Burnett.

Brewer & Pritchard first sued Johnson and Chang in
October 1996, when the helicopter crash suit was settled.  Brewer & Pritchard contended Chang
breached a fiduciary duty owed to Brewer & Pritchard and that Johnson
knowingly assisted Chang in committing that breach.  Specifically, Brewer & Pritchard alleged
Chang directly or indirectly profited by receiving or arranging to receive all
or part of Johnson=s referral fee.  Brewer
& Pritchard sought actual and exemplary damages.  When Brewer & Pritchard=s case was set for trial and after
Johnson and Chang filed motions for summary judgment addressing all claims,
Brewer & Pritchard filed a notice of non‑suit. On the same day the
notice of non‑suit was filed, Brewer & Pritchard filed a second,
identical suit.  Johnson and Chang filed
motions for summary judgment in that case, which the trial court granted.

Brewer & Pritchard appealed.  The First Court of Appeals held that fact
questions remained as to whether Chang breached a fiduciary duty and whether
Johnson knowingly assisted Chang.  The
court of appeals accordingly reversed the trial court=s judgment in part, and remanded the
breach of fiduciary duty and constructive fraud claims.  Brewer & Pritchard v. Johnson, 7
S.W.3d 862, 868 (Tex. App.CHouston [1st Dist.] 1999) aff=d 73 S.W.3d 193. 
The court of appeals otherwise affirmed the trial court=s judgment.








The Texas Supreme Court affirmed the court of appeals, but
with different reasoning. In the trial court and the court of appeals, Brewer
& Pritchard asserted that Chang owed a fiduciary duty to the firm to put
the firm=s interest above his own and to
refrain from taking actions detrimental to the firm.  Johnson and Chang asserted that Chang owed no
duty to his firm because he was an at-will employee.  The supreme court held that an associate of a
law firm owes a fiduciary duty to his or her employer not to personally profit
or realize any financial or other gain or advantage from referring a matter to
another law firm or lawyer, absent the employer=s agreement.  Johnson v. Brewer & Pritchard, 73
S.W.3d 193, 197 (Tex. 2002).  The court
further held that Aan associate may participate in referring a client or
potential client to a lawyer or firm other than his or her employer without
violating a fiduciary duty to that employer as long as the associate receives
no benefit, compensation, or other gain as a result of the referral.@ 
Id. at 203.  Because
Johnson and Chang had not moved for summary judgment on the basis of no breach
of fiduciary duty, the court found the trial court erred in granting summary
judgment on that ground.  Id. at
204B05. 
The supreme court reversed the trial court=s judgment on breach of fiduciary
duty and constructive fraud and remanded for proceedings consistent with its
opinion.  Id. at 211.

In affirming the summary judgment on Brewer & Pritchard=s remaining claims, the supreme court
addressed the conspiracy cause of action. 
Brewer & Pritchard alleged that Johnson conspired with Chang to
accomplish an unlawful purpose.  Johnson
and Chang moved for summary judgment under Rule 166a(i) on this claim on the
basis that there was no evidence that any unlawful purpose had been
accomplished.  The unlawful purpose
Brewer & Pritchard contend was accomplished by a conspiracy between Johnson
and Chang was Chang=s breach of a fiduciary duty. 
In affirming the summary judgments on the conspiracy cause of action,
the supreme court found no evidence that Chang profited or gained an advantage
in any way from assisting Henry King in retaining Johnson or Jamail &
Kolius.  Id. at 208.  








On remand, Chang filed a no-evidence motion for summary
judgment contending there was no evidence to support a claim for breach of
fiduciary duty and a traditional motion for summary judgment contending the
summary judgment evidence negated an essential element of the firm=s claim.  Brewer & Pritchard moved to continue
consideration of the motion because the firm alleged it had not been given the
opportunity to conduct discovery on the new theory of breach of fiduciary duty
announced by the supreme court.  The
trial court denied Brewer & Pritchard=s motion for continuance.  Johnson filed a no-evidence motion for
summary judgment and a traditional motion for summary judgment.  All summary judgment motions were heard on
December 17, 2002 and taken under advisement.

At the time the trial judge granted the motions, no party
received timely notice; therefore, Brewer & Pritchard filed a bill of
review, which was granted.  The trial
court signed another order granting the motions for summary judgment.  That order, signed March 19, 2004, contained
the wrong cause number.  Out of an
abundance of caution, Brewer & Pritchard filed a notice of appeal of the
March 19, 2004 judgment, which this court numbered 14-04-360-CV.  Brewer & Pritchard subsequently requested
the trial judge to sign an order with the correct cause number.  That order was signed May 25, 2004 and is the
subject of appeal cause number 14-04-540-CV. 
Because the order signed May 25, 2004 supercedes the order signed March
19, 2004, we dismiss as moot the appeal in cause number 14-04-360-CV.

II.  Scope of Remand








Johnson and Chang initially contend the supreme court
remanded the constructive fraud and breach of fiduciary duty causes of action
only to permit them to file a motion for summary judgment challenging the
evidence to support those causes of action. 
The general rule is that when an appellate court reverses and remands a
case for further proceedings and the mandate is not limited by special
instructions, the effect is to remand the case to the lower court for a new
trial on all issues of fact and the case is re-opened in its entirety.  Hudson v. Wakefield, 711 S.W.2d 628,
630 (Tex. 1986).  The opinion of the
supreme court does not provide any special instructions to the trial court upon
remand; therefore, the case was remanded for a new trial on all issues of fact
related to the remanded causes of action and the case was re-opened in its
entirety.  Manon v. Solis, 142
S.W.3d 380, 386 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).

III.  Discovery

In its first issue, Brewer & Pritchard contends the trial
court abused its discretion in granting Johnson and Chang=s motion to quash discovery and in
denying the firm=s motion for continuance of the summary judgment
motions.  Following remand, Brewer &
Pritchard requested the following discovery:

1.         Interrogatories
to Johnson and Chang

2.         Request for
Production to Johnson and Chang

3.         Deposition of
Lasco Oil & Gas Corp.

4.         Deposition of
Larry A. Seligmann

Johnson and Chang filed a motion to quash discovery on the
ground that the requested discovery was duplicative of discovery that had
already been conducted.  The trial court
granted the motion.  Brewer &
Pritchard filed a petition for writ of mandamus in the First Court of Appeals
in which they sought relief from the trial court=s order quashing the requested
discovery.  The court of appeals denied
the petition on January 23, 2003.  In
re Brewer & Pritchard, P.C., 2003 WL 164517 (Tex. App.CHouston [1st Dist.] Jan. 23, 2003,
orig. proceeding).  Brewer &
Pritchard then sought writs of prohibition and mandamus in the Texas Supreme
Court.  The supreme court requested
briefing, but before the court ruled on Brewer & Pritchard=s petitions, the trial court granted
Johnson and Chang=s motions for summary judgment.  The supreme court denied Brewer &
Pritchard=s petitions as moot.








Initially, Johnson and Chang argue the ruling on the mandamus
proceeding in the First Court of Appeals constitutes the law of the case.  The Alaw of the case@ doctrine is defined as that
principle under which questions of law decided on appeal to a court of last
resort will govern the case throughout its subsequent stages.  Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003).  It applies only if
the issues of law and fact are substantially the same in the second proceeding
as the first.  See Hudson, 711
S.W.2d at 630.  Application of the
doctrine lies within the discretion of the court, depending on the
circumstances surrounding the case.  Briscoe,
102 S.W.3d at 716.

The law of the case doctrine does not apply here because the
First Court of Appeals was not the court of last resort on this issue.  Cf. City of Houston v. Precast Structures,
Inc., 60 S.W.3d 331, 338 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied) (AWhere a losing party fails to avail
itself of an appeal in the court of last resort, but allows the case to be
remanded for further proceedings, the points decided by the court of appeals
will be regarded as the law of the case and will not be re‑examined.@). 
Brewer & Pritchard filed petitions for writs of prohibition and
mandamus in the supreme court and the supreme court ordered briefing on the
merits.  The supreme court did not rule
on Brewer & Pritchard=s petitions, but dismissed the petitions as moot, because the
trial court granted the motions for summary judgment.  In re Brewer & Pritchard, P.C., 46
Tex. Sup. Ct. J. 830 (June 26, 2003). 
Because Brewer & Pritchard attempted to avail itself of a decision
from the court of last resort, but the court was unable to reach a decision, in
this case, the First Court of Appeals denial of petition for writ of mandamus
was not a decision from a court of last resort. 
Accordingly, the Alaw of the case@ doctrine does not apply.








A trial judge may exercise discretion in the granting of a
protective order and in controlling the nature and form of discovery.  In re Amaya, 34 S.W.3d 354, 356 (Tex.
App.CWaco 2001, orig. proceeding).  That discretion, however, is not without
bounds.  Id.  A party seeking to avoid discovery must show
particular, specific and demonstrable injury by facts sufficient to justify a
protective order.  Id.; see
also Garcia v. Peeples, 734 S.W.2d 343, 345 (Tex. 1987).  If the discovery sought is within the scope
of Rule 192 of the Texas Rules of Civil Procedure, a trial court may not grant
a protective order limiting discovery unless the party seeking such protection
has met this burden.  Masinga v.
Whittington, 792 S.W.2d 940, 940B41 (Tex. 1990). 

A party resisting discovery cannot simply make conclusory
allegations that the requested discovery is unduly burdensome or
duplicative.  Garcia, 734 S.W.2d
at 345.  The party must produce some
evidence supporting its request for a protective order.  Id. 
Rule 192.4(a) permits the trial court to limit discovery if it
determines that the discovery sought is unreasonably cumulative or duplicative,
or is obtainable from some other source that is more convenient, less
burdensome, or less expensive.  To
determine whether the trial court abused its discretion in denying discovery,
this court reviews the entire record.  Mercedes‑Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).  We are mindful that the purpose of discovery
is to seek the truth so that disputes may be decided by what the facts reveal,
not by what facts are concealed.  In
re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998).  








Here, Johnson and Chang argued at the hearing on their motion
to quash that the requests for production and interrogatories were duplicative
of discovery already sought.  They
further argued that Brewer & Pritchard was not entitled to any further
discovery on remand because the supreme court determined Brewer & Pritchard
had an adequate time for discovery prior to the filing of the first no-evidence
motion for summary judgment.  They
presented no evidence that the depositions of Lasco Oil & Gas and Larry A.
Seligmann had been taken, or that any discovery that would be obtained from
those depositions would be duplicative of previous discovery.  Johnson and Chang merely argued that
discovery could not be re-opened on remand. 
As discussed earlier, the supreme court=s remand was not limited and
re-opened the case in its entirety.  The
supreme court=s finding of adequate discovery
applies to the previously filed motions for summary judgment, not the motions
following remand, which were not before the court.  Therefore, the trial court abused its
discretion in granting the motion to quash. 
Brewer & Pritchard=s first issue is sustained.

IV.  No-Evidence Motion for Summary Judgment

In its second issue, Brewer & Pritchard contends the
trial court erred in granting Johnson and Chang=s motions for summary judgment.  A party may move for a no-evidence summary
judgment only after adequate time for discovery.  Tex.
R. Civ. P. 166a(i).  In
considering whether the trial court has permitted an adequate time for
discovery, we consider factors such as (1) the nature of the case, (2) the
nature of evidence necessary to controvert the no‑evidence motion, (3)
the length of time the case was active, (4) the amount of time the no‑evidence
motion was on file, (5) whether the movant had requested stricter deadlines for
discovery, (6) the amount of discovery that had already taken place, and (7)
whether the discovery deadlines in place were specific or vague. Martinez v.
City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.CSan Antonio 2001, pet. denied).  We review a trial court=s determination that there has been
an adequate time for discovery on a case‑by‑case basis, under an
abuse of discretion standard.  Restaurant
Teams Int=l, Inc. v. MG Sec. Corp., 95 S.W.3d 336, 339 (Tex. App.CDallas 2002, no pet.).  

A.        Nature
of the Case and Evidence Necessary to Defeat the Motion








This is a case in which Brewer & Pritchard alleges Chang
and Johnson committed constructive fraud through their breach of fiduciary
duty.  To prove evidence of fraud and
breach of a fiduciary duty, Brewer & Pritchard must show Chang benefitted
from referral of the helicopter case.  Johnson,
73 S.W.3d at 203.  Brewer & Pritchard
alleges Chang received a portion of the referral fee through a scheme to Apark@ the fee in a sham corporation, then
accept legal fees from that corporation. 
The evidence necessary to controvert the no-evidence motion includes
information about Lasco Oil & Gas to determine whether it is a sham
corporation and Johnson=s payment to Lasco was, in reality, payment of a portion of
the referral fee to Chang.  

B.        Length
of Time the Case and Motion were on File

The suit was filed in 1996 and discovery conducted for
approximately two years prior to the filing of the first motions for summary
judgment.  Chang=s no-evidence motion was filed July
22, 2002, four months prior to the trial court=s ruling on discovery.  Johnson did not file a no-evidence motion
until after the court=s ruling on discovery. 
No docket control order or discovery deadlines were set after remand.

C.        Status
of Discovery

Prior to the supreme court=s remand, Brewer & Pritchard took
the oral depositions of James Chang, Henry King, Nick Johnson, and Mark Coffin,
a friend and former colleague of Chang=s. 
Brewer & Pritchard also obtained written depositions from a
representative of Mithoff & Jacks, one of the plaintiff=s firms King contacted in the
aftermath of the helicopter crash. 
Brewer & Pritchard asked for and received Johnson=s bank records and tax returns,
including records of the fee he received from the settlement of the helicopter
case.  Johnson=s records reflect that he wrote two
checks to Lasco totaling $1,490,000 in early December 1996, and approximately
two weeks later he wrote a check for $650,000 to Lasco.  Johnson=s 1996 tax return reflects a
$1,651,115 loss for an investment in oil and gas exploration.  After the supreme court=s remand, Brewer & Pritchard
sought to depose a representative of Lasco Oil & Gas and Larry A.
Seligmann, the alleged owner of Lasco. 
Neither deposition was taken prior to the supreme court=s remand. 

D.        Remaining
Factors








The final factors are whether the discovery deadlines were
vague and whether the movant requested stricter deadlines for discovery.  After remand, no discovery deadlines were
set, nor was a new docket control order entered.  As previously mentioned, the supreme court=s remand re-opened the case in its
entirety.  Brewer & Pritchard,
therefore, was entitled to discovery sufficient to defeat the no-evidence
motion.  Although the firm was not
entitled to unlimited, duplicative discovery on remand, it was entitled to
conduct discovery not previously conducted. 


E.        Conclusion

In considering whether Brewer & Pritchard was permitted
adequate time for discovery, we conclude each of the factors weigh in favor of
permitting further discovery.  The trial
court abused its discretion in not permitting adequate time for discovery and
in denying Brewer & Pritchard=s motion for continuance.

V.  Traditional Motion for
Summary Judgment

Brewer & Pritchard further contends the trial court erred
in ruling on Johnson and Chang=s traditional motions for summary judgment before they had an
opportunity to conduct discovery.  When
it appears from the affidavit of a party opposing a motion for summary judgment
that he cannot present facts sufficient to justify his opposition, the trial
court may order a continuance to permit further discovery.  Tex.
R. Civ. P. 166a(g); Tenneco, Inc. v. Enterprise Prods. Co., 925
S.W.2d 640, 647 (Tex. 1996).  In
reviewing the trial court=s exercise of discretion, we review the following factors:
(1) the length of time the case has been on file; (2) the materiality of the
discovery sought; and (3) whether due diligence was exercised in obtaining the
discovery.  Levinthal v.
Kelsey-Seybold Clinic, P.A., 902 S.W.2d 508, 510 (Tex. App.CHouston [1st Dist.] 1994, no
writ).  

A.        Length
of Time Case has been on File








As previously noted, this case was originally filed nine
years ago in 1996.  The supreme court=s opinion remanding the case was
issued March 21, 2002.  Our record does
not reflect the date the supreme court=s mandate issued.  The trial court must enforce the supreme
court=s judgment upon receiving the
mandate, which generally issues ten days after the time has expired for filing
a motion to extend time to file a motion for rehearing if no motion for
rehearing is filed.  Tex. R. App. P. 18.1 & 65.2.  Therefore, actual remand to the trial court
did not begin until some time after the court=s opinion issued.  The trial court denied discovery six months
later, and denied the motion for continuance three months after that.  

B.        Materiality
of the Discovery Sought

Brewer & Pritchard is required to show Chang profited
from the referral of the helicopter case. 
It is evident from the firm=s discovery request that it was
seeking to obtain information that would link Johnson=s referral fee to the subsequent
payments and loss to Lasco.  The type of
information sought by Brewer & Pritchard would not be readily available by
any means other than the discovery process. 
We find Brewer & Pritchard has adequately shown the discovery sought
is material to its constructive fraud and breach of fiduciary duty claims.

C.        Due
Diligence

The record further reflects the firm=s exercise of due diligence in
attempting to obtain the discovery. 
Brewer & Pritchard served notices of intent to take the depositions
of Lasco and Seligmann on July 25, 2002, four months after the supreme court=s opinion remanding the case for
trial.  Rule 166a(g) clearly contemplates
that the trial court will permit the parties a reasonable opportunity to
conduct discovery before granting a summary judgment.  Levinthal, 902 S.W.2d at 512.  Johnson and Chang moved for summary judgment
before any discovery was conducted on remand. 


VI.  Conclusion








This case was on remand for no more than nine months; Brewer
& Pritchard filed discovery requests that were material to proving its cause
of action, and exercised due diligence in attempting to obtain the needed
discovery.  The requested depositions of
Lasco and Seligmann are not duplicative of discovery obtained prior to remand.  Under the facts of this case, we hold the
trial court abused its discretion in denying discovery and in refusing to
continue the motion for summary judgment hearing.  Brewer & Pritchard=s second issue is sustained.

Accordingly, the judgment of the trial court is reversed and
remanded for proceedings consistent with this opinion.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed May 26, 2005.

Panel consists of Justices Edelman, Seymore, and
Guzman. (Edelman, J., concurs without an opinion).