**Nicolas Garza MARTINEZ, Appellant,**

v.

**Blanca Fay MARTINEZ, Appellee.**

**No. 2–00–233–CV.**

Court of Appeals of Texas,
Fort Worth.

July 26, 2001.

---

**15.** *Id.*

**16.** *Id.* at 340; *Putthoff v. Ancrum,* 934 S.W.2d 164, 173 (Tex.App.—Fort Worth 1996, writ denied).

John R. Stoutimore, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney and Kristi LaRoe, Assistant District Attorney, Fort Worth, for appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION ON REHEARING

LIVINGSTON, Justice.

We grant appellant Nicolas Garza Martinez's motion for rehearing and withdraw our prior opinion and judgment. We substitute the following to address an unaddressed issue raised by appellant. Nicolas raised two issues in his brief. Our opinion addressed both; however, Nicolas's first issue contained two subparts. Although we are not required to address multifarious issues or points, we are to liberally

construe briefing rules in the interest of justice. TEX.R.APP. P. 38.1(e), 38.9; *Shull v. United Parcel Serv.,* 4 S.W.3d 46, 51 (Tex.App.—San Antonio 1999), *cert. denied,* 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000). This opinion will address the second subpart of issue one. Otherwise, the opinion is the same.

Nicolas appeals from the protective order obtained against him by his wife, appellee Blanca Fay Martinez. Additionally, Nicolas's attorney, John R. Stoutimore, has appealed that portion of the protective order that requires him to personally pay for his client's participation in a batterer's program and to report to the court regarding the suitability of the program for his client. We affirm the trial court's protective order as modified.

### Factual and Procedural Summary

On April 11, 2000, Blanca filed an application for a protective order under Title IV of the Texas Family Code, claiming Nicolas engaged in conduct constituting family violence. She also obtained a temporary ex parte protective order that day that included a show cause order requiring Nicolas to appear at a hearing on April 25, fourteen days later, to show cause why the temporary order should not be continued and made into a final protective order.

At the first hearing on the protective order, Nicolas gave notice to take Blanca's deposition and produce documents on May 4, served a request for disclosure, and filed a motion for a continuance that also requested shortening the discovery window. The trial court associate judge granted Nicolas's request to shorten the time for Blanca to respond to his discovery, ordered Nicolas to appear for his deposition at the courthouse on May 5, ordered Blanca's deposition to be taken at the courthouse on May 4, and extended the matter until May 10. The court also signed an order extending the temporary protective order until May 10. On April 27, Blanca filed an appeal from the associate judge's rulings shortening the discovery time and filed a motion seeking the same relief granted Nicolas to shorten the time for discovery and to quash her deposition. The trial court heard the appeal of the discovery issues on May 4 and granted Blanca's relief from discovery, denying Nicolas the right to depose her or pursue any other discovery. Nicolas conditionally asked for the same relief in the event the court denied discovery. The court ordered no discovery be conducted by either party and that it would hold the May 10 hearing on the final protective order.

### Issues

■ In his first issue, Nicolas primarily complains about the trial court's refusal to allow discovery. He also challenges the trial court's rulings on Blanca's alleged failure to plead facts sufficient to show entitlement to a protective order under the family code's definition of family violence. *See* TEX. FAM.CODE ANN. § 71.004 (Vernon Supp.2001). In his second issue, he challenges the portion of the trial court's protective order directed to his attorney of record, John R. Stoutimore. The State has professionally confessed error with regard to issue two. Because the trial court had no authority to order Nicolas's attorney to pay for and report on his client's batterer's program, we sustain issue two. *See Strawder v. Thomas,* 846 S.W.2d 51, 61–62 (Tex.App.—Corpus Christi 1992, no writ) (op. on reh'g).

### Appellate Review of Discovery

■ Appellate review of a trial court's disposition of a motion for discovery or protection from discovery is limited to a determination of whether or not the trial judge abused the legal discretion vested in

him or her. *Templeton v. Dreiss*, 961 S.W.2d 645, 663 (Tex.App.—San Antonio 1998, pet. denied). While a trial judge may exercise some discretion in controlling the nature and form of discovery, that discretion is not without bounds. Tex.R. Civ. P. 192; *In re Amaya*, 34 S.W.3d 354, 356 (Tex.App.—Waco 2001, orig. proceeding). Generally, a party is entitled to full, fair discovery within a reasonable period of time. *In re R.R.*, 26 S.W.3d 569, 574 (Tex.App.—Dallas 2000, orig. proceeding) (citing *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig.proceeding)). A party seeking to avoid discovery must show particular, specific, and demonstrable injury by facts sufficient to justify protection from discovery. *Amaya*, 34 S.W.3d at 356–57 (citing *Masinga v. Whittington*, 792 S.W.2d 940, 940–41 (Tex.1990) (orig.proceeding)). Thus, it was Blanca's burden to show that the discovery, or the delay in discovery, could result in injury to her.

### Discovery Under Title IV Protective Order Cases

Title IV of the family code governing family violence protective orders is a unique statutory scheme. Chapters 83 and 84 set forth the specific statutory procedures to be followed. Chapter 84 specifies the time for the hearing: "[T]he court may not set a date later than the 14th day after the date the application is filed." Tex. Fam.Code Ann. § 84.001(a). According to sections 84.003 and 84.004 the hearing may only be rescheduled under two circumstances:

[At applicant's request due to lack of service on the responding party] the date for a rescheduled hearing shall be not later than 14 days after the date the request is made.

*Id.* § 84.003(b).

[At respondent's request] [i]f a respondent receives service of notice of an application for a protective order within 48 hours before the time set for the hearing ... the court shall reschedule the hearing for a date not later than 14 days after the date set for the hearing.

*Id.* § 84.004(a). Because of the nature of the relief anticipated and the danger the statute seeks to avoid, it is a very abbreviated procedure.

The parties and the court realized the inherent conflict between normal discovery contemplated by the rules of civil procedure and the mandatory fourteen-day (from the filing date) hearing date of the family code protective order provisions. *See id.* § 84.001. The State argued at the hearing that because the family code requires the hearing to be held within fourteen days of filing the application, yet included no provision for discovery within the statute, the legislature must have intended there to be no discovery. The trial court agreed and ordered no discovery. Nicolas argues that the current discovery rules allow the trial court to shorten the time periods for discovery in order to meet the time deadlines imposed by statute.

While Nicolas acknowledges the fourteen-day deadline he argues the only solution is to shorten the time period for discovery. *See* Tex.R. Civ. P. 190.5, 191.1. What he fails to acknowledge, however, is that he was served with the temporary protective order and notice of the April 25 hearing on April 13, but did not file his notice of deposition with production of documents on Blanca until twelve days later, at the April 25 hearing.

In this case, Nicolas asked for and received a continuance on the protective order hearing on the same day he filed his deposition notice and production request. As a result, Blanca was forced to wait an additional fifteen days for her final

protective order hearing, instead of the maximum fourteen additional days. As the State points out, during this time the temporary protective order remained in effect but only for a portion of the time. It expired on May 3, 2000, even though the hearing was rescheduled to May 10. Because of the continuance, Blanca showed particular, demonstrable injury because she was unprotected for seven days before the hearing. And even while in effect, a temporary protective order is not a criminally enforceable order as is a final protective order after hearing. The basis for the continuance was solely to accommodate Nicolas's discovery requests. The need to conduct discovery is not one of the statutory bases to continue a protective order hearing. Thus, the associate judge erred when it granted Nicolas's motion for continuance. Because Nicolas delayed in serving his notice of deposition and had no right to a continuance under the family code, we hold he cannot complain on appeal that the trial court erred in denying his right to depose Blanca. We overrule the first subpart of appellant's first issue.

### Specificity of Application

■ In the second subpart of Nicolas's first issue, he challenges the trial court's rulings on Blanca's alleged failure to plead facts sufficient to show her entitlement to a protective order. *See* TEX. FAM.CODE ANN. §§ 82.001–.043. Nicolas excepted to Blanca's supporting affidavit to her application for protective order because it did not assert a specific act of physical abuse. Nicolas claimed this was such a general allegation it denied him fair notice of any alleged acts, diminishing his ability to defend against the allegation. Blanca replied an affidavit is only required to support an application for the temporary ex parte protective order. The trial court agreed and denied his exception.

According to Texas Family Code section 82.004, an application for protective order must contain four pieces of information: the name and county of residence of each applicant; the name, address, and county of residence of the individual alleged to have committed family violence; the relationship between the applicants and the individual alleged to have committed family violence; and a request for a protective order. *Id.* § 82.004. Nowhere is the applicant required to specify the specific facts surrounding the alleged violence. An affidavit containing a detailed description of the facts and circumstances concerning the alleged family violence is only required when seeking an ex parte temporary protective order under section 82.009 and chapter 83 of the Texas Family Code. *Id.* §§ 82.009, 83.001–.007. The temporary ex parte protective order had already expired on May 3, 2000, before the May 19 hearing. Thus, Nicolas's exception regarding the lack of specificity in the supporting affidavit was moot. The trial court correctly denied his special exception, and we hereby overrule subpart two of Nicolas's first issue. Issue one is overruled in its entirety.

Because we have sustained Nicolas's second issue, we modify the trial court's order requiring Nicolas's attorney to pay for or recommend treatment for Nicolas by deleting that provision. We affirm the order as modified. *See* TEX.R.APP. P. 43.2(b).