

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00040-CV
_____

RICHARD LEE DIX, Appellant

V.

BRITTANY FOSTER, Appellee

_____

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2022-118

_____

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Appellant Richard Lee Dix has served many years of a thirty-eight-year sentence for aggravated sexual assault of a child. The now-adult victim of that crime, Brittany Foster, armed with allegations of Dix's bad behavior and a threatening communication sent by Dix from prison, sought a lifetime protective order to keep Dix away from her and her family. On May 6, 2022, at 8:00 a.m., Dix was served by "personal deliver[y]" through his legal agent, with the notice of application for a protective order,[1] Foster's application for a protective order, her protective order declaration, the court's temporary ex parte protective order against Dix, a show cause order, and a notice of hearing.[2] The hearing, held May 11, 2022, and not attended by Dix, resulted in issuance of the requested protective order. Dix appeals from that order, asserting that his due process rights were violated due to improper service and a lack of adequate notice of the hearing on Foster's application for a protective order. Because we disagree, we affirm the order.

In the spring of 2022, Foster learned that Dix could be released from prison August 16, 2022, prompting her effort to seek the protective order. Foster filed a sworn declaration with her application for a protective order, stating that Dix, her biological father, committed multiple

---

[1] The notice explained that an application for a protective order had been filed by Foster against Dix, and stated,

**ANY ANSWER MUST BE FILED BEFORE THE HEARING ON THE APPLICATION. IF YOU RECEIVE THIS NOTICE WITHIN 48 HOURS BEFORE THE TIME SET FOR THE HEARING, YOU MAY REQUEST THE COURT TO RE-SCHEDULE THE HEARING NOT LATER THAN 14 DAYS AFTER THE DATE SET FOR THE HEARING. IF YOU DO NOT ATTEND THE HEARING, A DEFAULT JUDGMENT MAY BE TAKEN AND A FINAL PROTECTIVE ORDER MAY BE ISSUED.**

[2] The trial court ordered Dix to appear for the hearing on May 11, 2022, at 1:30 p.m. via Zoom or other video-conferencing method as instructed by the court.

sexual assaults against her when she was between eleven and thirteen years of age.[3] In 2003, Dix had pled guilty to the charge and had received his sentence. According to Foster, while Dix was in prison, he had sent unwanted letters to her and her mother. Also, per Foster, Dix had sent her a letter, in 2008, threatening to "hunt [Foster] down and make [her] pay for all the pain he had been through in prison."

After a temporary ex parte protective order[4] was issued May 2 and the above-described service was accomplished May 6, the trial court held its hearing on Foster's application on May 11, 2022, without Dix in attendance. After Foster testified, the trial court entered a final protective order against Dix, which noted that Dix "failed to appear, although duly served with citation and notice." Five days later, on May 16, 2022, Dix filed an answer and a motion for continuance of hearing stating that "[he] was served on May 6, 2022, via email through the Unit Law Library and by certified mail on May 9, 2022[,]" and asking for a forty-five-day continuance of the hearing on Foster's application. On June 9, 2022, Dix filed his notice of appeal.

In his sole point of error on appeal, Dix maintains that his due process rights were violated because he was not properly served with Foster's application for a protective order or

---

[3]At the time she filed the application, Foster was more than eighteen years of age.

[4]Article 7B.002(a) states,

> If the court finds from the information contained in an application for a protective order that there is a clear and present danger of sexual assault or abuse, indecent assault, stalking, trafficking, or other harm to the applicant, the court, without further notice to the alleged offender and without a hearing, may issue a temporary ex parte order for the protection of the applicant or any other member of the applicant's family or household.

TEX. CODE CRIM. PROC. ANN. art. 7B.002(a) (Supp.).

3

given adequate notice of the hearing on her application.[5] Dix contends that the trial court erred when it granted Foster's application and issued the lifetime protective order against him. We disagree.

The trial court granted Foster's application for a protective order pursuant to Article 7B of the Texas Code of Criminal Procedure,[6] which states, in part, "To the extent applicable, except as otherwise provided by this subchapter, Title 4, Family Code, applies to a protective order issued under this chapter." TEX. CODE CRIM. PROC. ANN art. 7B.008 (Supp.). Title 4 of the Texas Family Code, entitled "Protective Orders and Family Violence," provides the procedure for the issuance and enforcement of family violence protective orders, including protective orders sought by a current or former family member of a household against another member of the household. TEX. FAM. CODE ANN. § 71.004, § 71.006 (Supp.). "The purpose of the statute is to provide an expedited procedure for victims of domestic violence; the purpose is not to correct past wrongs or establish liability but to give immediate protection to the applicant. Title 4 is remedial in nature and should be broadly construed to 'effectuate its humanitarian and preventive purposes.'" *Roper v. Jolliffe*, 493 S.W.3d 624, 634 (Tex. App.—Dallas 2015, pet. denied) (quoting *Boyd v. Palmore*, 425 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). "Because of the nature of the relief anticipated and the danger that it seeks to avoid,

---

[5]Whether service complied with the governing rules is a question of law that we review de novo. *See Martell v. Tex. Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

[6]Article 7B.001(a) states, "The following may file an application for a protective order under this subchapter without regard to the relationship between the applicant and the alleged offender" if, as in this case, the person is a victim of the offense of aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 7B.001(a)(1) (Supp.). For protective orders issued pursuant to the Texas Code of Criminal Procedure, the order "may be effective for the duration of the lives of the offender and the victim or for any shorter period stated in the order." TEX. CODE CRIM. PROC. ANN. art. 7B.007(a) (Supp.).

4

Title 4 uses a 'very abbreviated procedure.'" *Johnson v. Simmons*, 597 S.W.3d 538, 542 (Tex. App.—Fort Worth 2020, pet. denied) (quoting *Martinez v. Martinez*, 52 S.W.3d 429, 432 (Tex. App.—Fort Worth 2001, pet. denied) (op. on rehearing)).

Under Title 4, the trial court may enter a default protective order "that is binding on a respondent who does not attend a hearing if: (1) the respondent received service of the application and notice of hearing; and (2) proof of service was filed with the court before the hearing." TEX. FAM. CODE ANN. § 85.006 (Supp.). The trial court is required to set a date and conduct a hearing on an application for a family violence protective order within fourteen days of the filing of the application. TEX. FAM. CODE ANN. § 84.001(a). A respondent is entitled to receive notice of the hearing, but if the hearing is scheduled within forty-eight hours after the respondent receives notice, the court is required to reschedule the hearing on respondent's request. TEX. FAM. CODE ANN. § 84.004. Yet, the fact that a respondent receives less than two days' notice of a protective order hearing does not itself prevent the court from granting the application for a protective order when the respondent fails to attend the hearing without asking to reschedule the hearing. TEX. FAM. CODE ANN. § 85.006 (Supp.)

In this case, the return of service, which was properly filed with the court on May 6, 2022, at 9:01 a.m., specifically stated, "ON Friday, May 6, 2022[,] at 8:00 A.M., I Vincente G[.] Barrera, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO: Richard Lee Dix, TDCJ# . . ., by delivering to LEGAL AGENT, MS. THOMSON, 3001 S. EMILY DR, BEEVILLE, BEE COUNTY, TX 78102." Further, the hearing on Foster's application was held on May 11, 2022, five days after Dix received notice of the hearing. He, therefore, received the

application for a protective order and notice of hearing more than forty-eight hours before the hearing. Consequently, Dix was not entitled to a continuance as allowed under Section 84.004 of the Texas Family Code.[7] And, although Dix filed a motion for a continuance of the hearing, he did so five days after the hearing on Foster's application had taken place.

Dix also complains that prison officials did not receive notice of the hearing and, as a result, were unable to assist Dix with making a timely appearance in court. According to Dix, "Due to [his] incarceration, a court must notify Respondent and the T.D.C.J. about [a] hearing if Respondent is to have opportunity to attend [the] hearing." Yet, despite Dix's assertion, the record shows that the Texas Department of Criminal Justice did, in fact, receive personal service and notice of the May 11 hearing on May 6, through Dix's legal agent, Ms. Thomson.[8]

Dix was properly served with Foster's application for a protective order, and he likewise received adequate notice of the hearing on her application. We, therefore, find that the trial court's entry of a default protective order in favor of Foster did not violate Dix's due process rights. We overrule his sole point of error.

We affirm the trial court's order.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 10, 2022
Date Decided:      October 13, 2022

---

[7]There is no evidence in the record, other than Dix's self-serving statement, that he did not receive notice via certified mail until May 9, 2022.

[8]Dix does not deny that Thomson was his legal agent. Moreover, Dix concedes that he received Foster's application for a protective order and notice of the May 11 hearing via email on May 6.