**Opinion issued April 16, 2024**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-22-00597-CV

_____

**LESLIE HARMON PILCHER AKA ZENAS PILCHER, Appellant**

**V.**

**TINA MADDOX, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-14916**

---

## O P I N I O N

In this restricted appeal, Leslie Harmon Pilcher aka Zenas Pilcher challenges a default family-violence protective order issued against him. In a single issue, Pilcher contends the trial court erred by granting the default protective order because the face of the record does not show strict compliance with statutory notice

requirements. Because we conclude that error exists on the face of the record, we reverse the trial court's order and remand for further proceedings.

## Background

In March 2022, Tina Maddox applied for a protective order against Pilcher, alleging harassment and family violence in their dating relationship. The trial court granted Maddox a temporary ex parte protective order and set her request for a lifetime protective order for a hearing on April 4.

Maddox asked the district clerk to issue the citation and checked the box on the district clerk's form for service of a protective order. Maddox also checked the boxes for "service by" both "constable" and "e-issuance by [the] district clerk."

The record contains a private process server's affidavit stating that on March 21, he personally served Pilcher with the "citation [and] application for protective order," the "first amended temporary ex parte protective order and order setting hearing," and Maddox's "declaration in support of ex parte relief and in support of protective order." The affidavit of service was filed with the court, unattached to the citation or any other document served on Pilcher.

Pilcher did not appear at the protective order hearing. The trial court remarked on the record that Pilcher was properly served and asked for a continuance to retain counsel:

> There was an email that the Court received from [Pilcher], . . . which indicated that he had not hired a lawyer and he wanted a reset. He was

2

> informed that he needed to appear. He is not here, . . . and we are going to go ahead and proceed with a default.

The trial court heard testimony from Maddox and her attorney, which it found met the requirements for a lifetime protective order.

Four days later, on April 8, the trial court issued the lifetime protective order. Among other things, the order prohibited Pilcher from causing Maddox physical or emotional harm, communicating with her, going near certain locations where she may be present, or possessing a firearm or ammunition. The trial court ordered Pilcher to show at a later firearms compliance hearing that he had disposed of any guns he owned or possessed.

Pilcher moved for a new trial on June 8, after the usual 30-day deadline for new-trial motions had passed. *See* TEX. R. CIV. P. 329b(a) (motion for new trial is due within 30 days after the judgment or order is signed). The motion did not assert any defect of service of the protective order application. Instead, Pilcher contended that Maddox's evidence was not credible or sufficient and that he should not be stripped of his "constitutional right to bear arms" on such a weak record.

The trial court did not grant a hearing on the new-trial motion. A docket sheet entry dated one day after Pilcher filed the motion recites: "Motion for New Trial and Sanctions IT IS BEYOND 30 DAYS TIME NOT SETTING per judge[.]" The motion was overruled by operation of law.

Pilcher made several more filings, including pleadings purporting to show his compliance with the firearms prohibition, a request for findings of fact and conclusions of law on his compliance with the protective order, and a timely notice of restricted appeal. No findings or conclusions issued.

**Restricted Appeal**

Pilcher argues that the default protective order must be set aside because the record does not affirmatively show that he received the statutorily required notice of Maddox's application for a protective order. *See* TEX. FAM. CODE §§ 82.041–.043.

**A.    Legal standard**

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against him. TEX. R. APP. P. 30. To prevail in a restricted appeal, the party must show: (1) he filed a notice within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The first three requirements are jurisdictional. *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). The fourth requirement, which comes from case law, is not jurisdictional and goes to the merits of the appeal. *Id.*

Here, the first three elements of a restricted appeal are not in dispute. The trial court issued the protective order on April 8, 2022. Pilcher filed his notice of appeal on August 15, before the six-month deadline. *See* TEX. R. APP. P. 26.1(c). He did not participate in the hearing that resulted in the protective order. And although he filed a post-judgment motion for new trial and a request for findings of fact, neither was timely. *See* TEX. R. CIV. P. 296 (requests for findings of fact and conclusions of law "shall be filed within twenty days after the judgment is signed"); 329b(a) (motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed"). Pilcher has thus met the first three procedural requirements for presenting a restricted appeal. The question before us, therefore, is whether Pilcher meets the final requirement of error apparent on the face of the record. To answer it, we turn to the merits of Pilcher's sole ground for appeal. *See Ex parte E.H.*, 602 S.W.3d at 497 ("The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal.").

## B.     Error on the face of the record

Title 4 of the Family Code authorizes family violence protective orders, which include protective orders sought by people who experience dating violence. TEX. FAM. CODE § 81.001; *see id.* §§ 71.004(3), .021. The statute's purpose is "to provide an expedited procedure to protect victims of family violence and to reduce the

number of deaths and injuries to those victims and to the law enforcement officers charged with handling family disturbances." *Johnson v. Simmons*, 597 S.W.3d 538, 542 (Tex. App.—Fort Worth 2020, pet. denied); *see Roper v. Jolliffe*, 493 S.W.3d 624, 634 (Tex. App.—Dallas 2015, pet. denied). Because of the nature of the relief anticipated and the danger that it seeks to avoid, Title 4 utilizes a "very abbreviated procedure." *Martinez v. Martinez*, 52 S.W.3d 429, 432 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh'g). The trial court must hold a hearing "not . . . later than the 14th day after the date the application is filed." TEX. FAM. CODE § 84.001(a).

"Each respondent is entitled to service of notice of an application for a protective order." *Id.* § 82.043(a). When an application is filed, "the clerk of the court shall issue a notice of [the] application for a protective order[.]" TEX. FAM. CODE § 82.042(a). Among other things, the notice of the application must include the date, time, and place of the hearing, and state that if the respondent does "not attend the hearing, a default judgment may be taken and a protective order may be issued against [the respondent]." *Id.* § 82.041. The notice "must be served in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized." *Id.* § 82.043(c).

"Whether service of notice complies with the governing rules is a question of law that we review de novo." *See Richardson v. Earle*, No. 01-20-00630-CV, 2021 WL 5904338, at *5 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem.

6

op.) (citing *Johnson*, 597 S.W.3d at 540). To the extent that question requires us to interpret the statute, that is also a question of law. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989); *Korndorffer v. Baker*, 976 S.W.2d 696, 699 (Tex. App.—Houston [1st Dist.] 1997, pet. dism'd w.o.j.).

Here, Pilcher argues that error is apparent on the face of the record because the record does not affirmatively show that Maddox properly served a notice of her protective order application that included the statutory warning about the possibility of a default order. *See* TEX. FAM. CODE §§ 82.041(b), .043(c). In support, Pilcher cites *Hogg v. Rosemon*, No. 05-13-01544-CV, 2015 WL 4882058, at *1–2 (Tex. App.—Dallas Aug. 17, 2015, no pet.) (mem. op.).

In *Hogg*, the Dallas Court of Appeals set aside a default protective order because the record did not affirmatively show that the respondent was served with notice of the protective order application. *Id.* at *2. The court considered whether the applicant had strictly complied with the rules for service of notice and, in doing so, analyzed two documents: (1) the return of service and (2) a notice of hearing. *Id.* at *1. The return of service stated that the respondent had been personally served with a copy of the "protective order," not with notice of the application for the protective order. *Id.* at *1. And the hearing notice commanded the respondent to appear and show cause why *temporary* orders should not be entered against him. *Id.* It did not state that the respondent was served with the application for a protective

7

order or notify the respondent that a default judgment could rendered if he failed to appear. *Id.* In concluding that these documents did not show compliance, the court reasoned:

> Strict compliance with the rules governing citation is mandatory if a default judgment is to withstand an attack on appeal. Failure to affirmatively show such compliance constitutes error on the face of the record. Here, [the respondent] appeals a default protective order that required service of notice of the application, rather than "citation." But that notice must be served in the same manner as citation under the Texas Rules of Civil Procedure. The record fails to affirmatively show [the respondent] was served with notice in accordance with those rules.

*Id.* at *2 (citations omitted). The court added in dicta that even if the record did not have to affirmatively show compliance with the rules, the court would reach the same conclusion because the record was not silent on the issue. *Id.* "Rather, the 'notice' and officer's return in the record affirmatively demonstrated that Hogg was not properly served with notice of the application for protective order." *Id.* Therefore, error appeared on the record's face. *Id.*

*Hogg*'s holding rests on two premises that undermine its persuasiveness here. First, the holding rests at least in part on the court's conclusion that the applicant had to strictly comply with Texas Rule of Civil Procedure 107's requirements for returns of service. *Id.* at *1. But after *Hogg* was decided, the Legislature amended the statute to clarify that a default order could be entered "[n]otwithstanding [Texas Rule of Civil Procedure] 107." TEX. FAM. CODE § 85.006(a) (amended by Acts 2021, 87th Leg., ch. 787 (H.B. 39), § 2, eff. Sept. 1, 2021)); *see Johnson*, 597 S.W.3d at 542–

8

45 (declining, in a pre-amendment family-violence-protective-order case, to require strict compliance with Rule 107(h)'s requirement that proof of service be on file for ten days before a default judgment can be entered because doing so would undermine the statute's expedited procedures); TEX. R. CIV. P. 107 cmt. (2021) ("Certain default orders, like those in suits for protection from family violence, may be exempt by statute from the ten-day requirement in paragraph (h).").

Second, the *Hogg* analysis begins with the premise that a default protective order may be rendered only if "the respondent 'received service' of *the notice of the application for protective order* and hearing." *Id.* at *1 (emphasis added). But again, that is not what the current version of the statute says about default orders.

Section 85.006 provides:

Notwithstanding Rule 107 . . . a court may render a protective order that is binding on a respondent who does not attend a hearing if:

(1) the respondent received service of *the application* and notice of the hearing; and

(2) proof of service was filed with the court before the hearing.

TEX. FAM. CODE § 85.006(a) (emphasis added). The phrase "the notice of" does not precede "the application" in the statute, as it does in *Hogg*'s framing of the trial court's authority to render a default protective order. *Compare id. with Hogg*, 2015 WL 4882058, at *1. Section 85.006 simply requires a respondent to be served with a copy of the application for protective order and notice of the hearing on the application. TEX. FAM. CODE § 85.006(a). And here, the record shows compliance

9

with those two requirements. The return of service, which was filed with the trial court before the hearing, affirmatively states that Pilcher was personally served with Maddox's application for protective order. Pilcher does not dispute his receipt of the application itself. Instead, he challenges the notice of the application.

Given these distinctions, we are not persuaded that *Hogg* supports a holding that the trial court's default order cannot be sustained unless the record affirmatively shows Pilcher was served notice of Maddox's application that warned about the possibility of a default judgment. *See* TEX. FAM. CODE § 82.041(b); *cf. Mitchell v. John Wiesner, Inc.*, 923 S.W.2d 262, 264 (Tex. App.—Beaumont 1996, no writ) ("The opinions of a sister court of appeals are not precedent that bind other courts of appeals.").

Still, we cannot read Section 85.006 in isolation. *See City of Dall. v. TCI W. End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015) (courts consider statutes as a whole rather than viewing individual provisions in isolation). Other Title 4 provisions indicate that a default protective order requires service of notice of the application.

Section 82.043 entitles "[e]ach respondent . . . to *service* of notice of an application for a protective order," with only two exceptions that do not include default protective orders. TEX. FAM. CODE § 82.043(a) (emphasis added); *see id.* § 82.043(d)–(e). Subsection (d) provides that "[s]ervice of notice of an application for a protective order is not required before the issuance of a temporary ex parte

10

order under Chapter 83." *Id.* § 82.043(d). And subsection (e) provides that "the requirements of service of notice . . . do not apply if the application is filed as a motion in a suit for dissolution of a marriage." *Id.* § 82.043(e). No similar declaration states that service of notice is not required before the issuance of a default order.

The importance of service of notice of the application is evidenced by the requirement that service must be "in the same manner as citation." *Id.* § 82.043(c). The statute includes a safeguard for the failure of a respondent to receive service of notice of an application for a protective order. While the trial court must set a date for the protective order hearing within 14 days after the application is filed, that deadline may be extended if the respondent does not receive service of the notice of the application. *See id.* §§ 84.001 (establishing 14-day deadline for hearing on application for protective order), .003(a) (authorizing applicant to seek an extension of the hearing deadline because of "the failure of a respondent to receive service of notice of an application for a protective order").

Considering these provisions together, we conclude that the default protective order required service of notice of the application. *See id.* §§ 82.041–.043, 85.006; *cf. Deutsche Bank Nat'l Tr. Co. v. Shepard*, No. 12-20-00178-CV, 2021 WL 1567928, at *2 (Tex. App.—Tyler Apr. 21, 2021, no pet.) (mem. op.) ("When a procedure for giving notice and obtaining jurisdiction is statutorily established, that method is generally exclusive and the form prescribed must be followed with

11

reasonable strictness."). But the record here does not affirmatively show that. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) ("For well over a century, [the Texas Supreme Court] has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.").

The return of service states that the process server delivered to Pilcher true copies of these documents:

CITATION & APPLICATION FOR PROTECTIVE ORDER, FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER AND ORDER SETTING HEARING, DECLARATION IN SUPPORT OF EX PARTE RELIEF AND IN SUPPORT OF PROTECTIVE ORDER,

The notice of the application of the protective order is not listed as one of the service documents. Maddox asserts that the omission is a problem of mere semantics because the citation contained the language required in Section 82.041(b) and thus functioned as the notice of her application. The citation is not included in the record, so Maddox references a copy attached as an appendix to her appellate brief. But documents attached as appendices to briefs do not constitute part of the record of the case and cannot be considered by this Court on appeal. *Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet).

The only notice in the record is the notice of hearing included in the trial court's first amended temporary ex parte protective order. It ordered Pilcher to appear at the April 4 hearing to determine whether the court should issue the

12

protective order in favor of Maddox. But it did not warn Pilcher that a default protective order could be rendered against him if he did not appear, as Section 82.041 requires for notice of the protective order application. *See* TEX. FAM. CODE § 82.041(b). The record thus does not affirmatively show that Pilcher was served with notice of Maddox's protective order application in accordance with the rules. Consequently, error appears on the face of the record.

We sustain Pilcher's issue on appeal.

## Conclusion

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.